No. 95,056

STATE OF KANSAS, *Appellee*, v. JESUS E. RUIZ-REYES, JR., *Appellant*.

(175 P.3d 849)

Opinion filed February 1, 2008.

*Michael S. Holland, II*, of Holland and Holland, of Russell, argued the cause and *Michael S. Holland*, of the same firm, was with him on the brief for appellant.

*Thomas R. Stanton*, deputy district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Jesus E. Ruiz-Reyes, Jr., was convicted of one count of possession of cocaine with the intent to distribute under K.S.A. 65-4161(a). At sentencing, the court determined that the defendant's conviction should be enhanced to a severity level 2 drug felony under K.S.A. 65-4161(b) based upon a prior drug conviction that did not become final until after the defendant committed the conduct that led to the conviction that underlies this appeal. The Court of Appeals reversed and remanded for resentencing, holding that the severity level of the defendant's current offense could not be enhanced under K.S.A. 65-4161(b) based on a prior conviction not finalized until after the current offense was committed. *State v. Ruiz-Reyes*, 37 Kan. App. 2d 75, 80, 149 P.3d 521 (2007). We granted the State's petition for review in order to resolve this question and now affirm the decision of the Court of Appeals.

*Facts*

On December 5, 2000, Ruiz-Reyes was arrested in Reno County and charged with possession of methamphetamine with the intent to sell; possession of cocaine with the intent to sell; possession of methamphetamine without tax stamps affixed; possession of cocaine without tax stamps affixed; and obstructing official duty. The charge of possession of methamphetamine with intent to sell was reduced to possession of methamphetamine at preliminary hear-

ing, and the defendant was bound over for trial on the reduced charge as well as all other charges.

On April 8, 2004, the Reno County District Court granted Ruiz-Reyes an indefinite continuance in this case to await the resolution of other drug charges pending against the defendant in Butler County, Ellis County, and Ford County. On April 15, 2004, based upon his plea of guilty, the defendant was convicted in Ford County of possession of methamphetamine with the intent to sell and was sentenced for this conviction on June 11, 2004.

The State subsequently amended the Reno County complaint to designate the charge against Ruiz-Reyes for possession of cocaine with the intent to sell as a severity level 2 drug felony, based upon the April 15, 2004, Ford County conviction. The defendant pled guilty to and was convicted of this charge on June 10, 2005, but objected to the enhancement of his crime of conviction to a severity level 2 drug felony. The defendant argued that his Reno County conviction for possession of cocaine with the intent to sell, ordinarily a severity level 3 drug crime, could not be enhanced to a severity level 2 crime based on a Ford County conviction that did not exist at the time that he committed the current offense in December 2000.

The district court rejected the defendant's argument and sentenced him for a severity level 2 drug offense in accordance with K.S.A. 65-4161(b), with a drug criminal history of category F based on his other drug felony convictions in Ellis County and Ford County.

The Court of Appeals, however, agreed with the defendant that K.S.A. 65-4161(b) only authorizes a severity level enhancement for convictions that exist at the time that an offense is committed. The court therefore reversed his sentence for the severity level 2 conviction of possession of cocaine with the intent to sell and remanded for resentencing. *Ruiz-Reyes*, 37 Kan. App. 2d at 80.

In its petition for review and argument before us, the State claims that the decision of the Court of Appeals interpreting K.S.A. 65-4161(b) is improper because it "ignores the statutory definition of prior conviction as defined in K.S.A. 21-4710(a), and requires multiple definitions for the same statutory sentencing phrase." The

State also asserts that the Court of Appeals' ruling effectively adopts the analysis of habitual criminal statutes that was employed under the Kansas Habitual Criminal Act (HCA), K.S.A. 21-4504, and the reasoning of *State v. Wilson*, 6 Kan. App. 2d 302, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P.2d 1078 (1981).

We granted the State's petition for review in order to clarify the interpretation of severity level enhancements contained in K.S.A. 65-4161(b).

*Standard of Review*

Resolution of this case turns on this court's interpretation of K.S.A. 65-4161. Our standard of review is unlimited in a case involving the interpretation of a statute. *State v. Snow*, 282 Kan. 323, 340, 144 P.3d 729 (2006).

"When we are called upon to interpret a statute, we first attempt to give effect to the intent of the legislature as expressed through the language enacted. When a statute is plain and unambiguous, [as it is in this case,] we do not speculate as to the legislative intent behind it and will not read the statute to add something not readily found in it [or to exclude language that is found in it]." *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007).

In such cases we do not resort to statutory construction, but rather we resolve the question raised by application of the plain language of the statute.

For this reason, this court has emphasized that when interpreting statutes, "[o]rdinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it." *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006). "It is only if the statute's language or text is unclear or ambiguous that we move to the next analytical step, applying canons of construction or relying on legislative history construing the statute to effect the legislature's intent." *In re K.M.H.*, 285 Kan. at 79.

*K.S.A. 65-4161*

K.S.A. 65-4161 provides in relevant part:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to sell, offer for sale or have in such person's possession with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute;

or dispense any opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107 and amendments thereto. *Except as provided in subsections (b), (c) and (d), any person who violates this subsection shall be guilty of a drug severity level 3 felony.*

"(b) *If any person who violates this section has one prior conviction under this section* or a conviction for a substantially similar offense from another jurisdiction, *then that person shall be guilty of a drug severity level 2 felony.*

"(c) If any person who violates this section has two or more prior convictions under this section or substantially similar offenses under the laws of another jurisdiction, then such person shall be guilty of a drug severity level 1 felony." (Emphasis added.)

See K.S.A. 2006 Supp. 65-4161(a), (b), and (c) (language is same).

Application of the plain language of K.S.A. 65-4161(a) and (b) to the facts of this case yields the following results: Ruiz-Reyes is a person who violated K.S.A. 65-4161(a) by reason of his June 10, 2005, Reno County conviction for possession of cocaine with intent to distribute. However, at the time the defendant committed the offense that led to the Reno County conviction in 2000, he did *not* have "one prior conviction under this section," as he was not convicted in Ford County of possession of methamphetamine with intent to sell until 2004. See K.S.A. 65-4161(b). The inescapable conclusion is that Ruiz-Reyes did not "ha[ve]" his 2004 conviction when he "violate[d]" K.S.A. 65-4161 in Reno County in 2000. Therefore, the defendant's conduct does not comport with the plain language of K.S.A. 65-4161(b), and he could not be "guilty of a drug severity level 2 felony" under the statute.

On this same date, we file our opinion in *State v. Paul*, 285 Kan. 658, 175 P.3d 840 (2008), where we similarly consider the enhancement provisions of K.S.A. 2006 Supp. 65-4161(c) (language same as in K.S.A. 65-4161[c]). In both *Paul* and the current case, we base our decisions on the plain language of the applicable statute. In doing so, we emphasize that contrary to the State's assertion in its petition for review in this case, our decisions in *Paul* and in the current case are not influenced by the sequential conviction requirements described in *Wilson*, 6 Kan. App. 2d 302. This previous sequential requirement was based on this court's interpretation of the Habitual Criminal Act, K.S.A. 21-4504, which has no bearing on the plain language of K.S.A. 65-4161. Furthermore, as

we note in *Paul*, when the Kansas Legislature adopted the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, in 1992, it explicitly superseded the previous sentencing scheme, stating that the HCA "shall not be applicable to . . . any felony committed on or after July 1, 1993." K.S.A. 21-4504(e)(3); see L. 1992, ch. 239, sec. 235; *Paul*, 285 Kan. at 665.

We note in *Paul* and reiterate here that there were sound reasons for the Kansas courts' interpretation of the HCA prior to the adoption of the KSGA, not the least of which involved a recognition of judicial expressions of the purpose, objective, and philosophy of our habitual criminal statute. However, the purposes, objectives, and philosophy of criminal sentencing in Kansas have been radically altered with the enactment of the KSGA. We now look to those guidelines for resolution of sentencing questions, not to judicial expressions of historical sentencing philosophy. *Paul*, 285 Kan. at 665. The interpretations of the HCA have no place in our interpretation of the KSGA or the provisions of K.S.A. 65-4161.

In *Paul*, we find that the KSGA does include a definition of "prior conviction" in K.S.A. 21-4710(a). 285 Kan. at 666. Although that statute concerns a defendant's criminal history, the general definition of "prior conviction" contained in that section makes no reference to criminal history. Prior conviction is defined as

*"any conviction,* other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, *which occurred prior to sentencing in the current case* regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." (Emphasis added.) K.S.A. 21-4710(a).

We concluded in *Paul* that for offenses committed on or after July 1, 1993—and thus subject to the KSGA and not the HCA—the definition of "prior conviction" included in the KSGA in the context of criminal history also applies to determination of an offense's criminal severity level unless the legislature specifically indicates a contrary intent. Under this reasoning, we held that Paul's two 1999 drug convictions could be used to enhance his current conviction (based on conduct committed in 2004) to a severity level 1 drug felony under K.S.A. 2006 Supp. 65-4161(c), even though

such enhancement would not have been permitted under the HCA, because nothing in the plain language of K.S.A. 2006 Supp. 65-4161(c) indicated a legislative intention to the contrary. *Paul*, 285 Kan. at 670-71.

In this case, however, the legislature has specifically indicated a contrary intent. While it is true that Ruiz-Reyes' conviction in Ford County on April 15, 2004, is a prior conviction as that term is defined in K.S.A. 21-4710(a), the resolution of this case is governed by the plain language of K.S.A. 65-4161(b). That statute specifically provides that "[i]f any person who *violates* this section *has* one prior conviction under this section . . . then that person shall be guilty of a drug severity level 2 felony." (Emphasis added.) K.S.A. 65-4161(b). At the time in 2000 when Ruiz-Reyes violated K.S.A. 65-4161(a) by possessing cocaine with intent to distribute, he did not have one prior conviction under this section. His Ford County conviction did not take place until 2004, some 3½ years later. Thus, according to the plain language of K.S.A. 65-4161(b), Ruiz-Reyes' conviction for sale of cocaine with intent to distribute could not be a severity level 2 drug offense under the statute. The Court of Appeals correctly reversed the district court's contrary determination and remanded for resentencing.

The State argues that because this interpretation of K.S.A. 65-4161, which was also the interpretation applied by the Court of Appeals, results in a different definition of prior conviction than that contained in K.S.A. 21-4710(a), it does not provide workable harmony among the statutes subject to the KSGA. While it is true that courts generally seek to interpret statutes in such a way that related provisions are "reconcil[ed] and [brought] into workable harmony," see *Petty v. City of El Dorado*, 270 Kan. 847, 852, 19 P.3d 167 (2001), it is important to note that the specific distinction in this case between the definitions of prior conviction in K.S.A. 65-4161 and K.S.A. 21-4710(a) was drawn by the legislature, not the courts. No resort to canons of construction is necessary to determine the meaning of the language used. See *In re K.M.H.*, 285 Kan. at 79. As the above discussion illustrates, the plain language of K.S.A. 65-4161(b) provides that convictions obtained after a de-

fendant's violation of that section are not used to enhance the defendant's current crime of conviction.

*Conclusion*

K.S.A. 65-4161, a self-contained habitual criminal statute, sets forth the conditions under which the criminal severity level of a conviction obtained under that section will be enhanced at sentencing. The plain language of K.S.A. 65-4161(a) and (b) "contemplates a violation committed by an individual who 'has' at least one prior conviction at the time the individual 'violates' the law." *Ruiz-Reyes*, 37 Kan. App. 2d at 79. Because the defendant did not have a prior drug conviction at the time he violated K.S.A. 65-4161(a), his subsequent drug conviction could not enhance the criminal severity level of his current conviction under the provisions of K.S.A. 65-4161(b).

Based upon the plain language of the statute, we affirm the decision of the Court of Appeals reversing the district court. We need not address the other arguments advanced by the State, for those arguments have been fully answered in our decision in *Paul*.

The judgment of the Court of Appeals reversing the district court is affirmed; the district court is reversed, and the case is remanded for resentencing.

JOHNSON, J., not participating.

HILL, J., assigned.