(199 P.3d 793)

No. 100,290

STATE OF KANSAS, *Appellant*, v. WANDA LUTTIG, *Appellee*.

Opinion filed January 9, 2009.

*Benjamin J. Fisher*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Stephen N. Six*, attorney general, for appellant.

*Janine Cox*, of Kansas Appellate Defender Office, for appellee.

Before GREENE, P.J., MALONE, J., and KNUDSON, S.J.

MALONE, J.: The State appeals the district court's determination of Wanda Luttig's criminal history score following her conviction of two counts of forgery. Luttig had two prior forgery convictions. Based on Luttig's third conviction of forgery, the district court or-

dered her to serve 45 days in jail as a condition of probation. The issue is whether the district court used Luttig's prior forgery convictions to enhance her applicable penalty in this case and, if so, to what extent. We affirm in part, vacate in part, and remand for further proceedings.

On February 15, 2008, Luttig pled guilty to two counts of forgery. Luttig's presentence investigation report listed her criminal history score as category E based on three prior nonperson felonies, two of which were forgeries. Luttig objected to the inclusion of the two prior forgeries in her criminal history score to the extent that the convictions were being used to enhance her penalty in the current case.

Luttig was sentenced on March 28, 2008. The district court found that because the case was Luttig's third forgery conviction, the statute required her to serve at least 45 days in jail as a condition of probation. Thus, the district court determined that the two prior forgery convictions enhanced the applicable penalty and could not be counted in Luttig's criminal history. The district court stated:

"The court will find, since in the court's view and interpretation of a statute that criminal history does not include prior convictions which enhance the applicable penalties, that in fact because of the nature of the forgery and there is mandatory jail time on subsequent convictions, that in fact the prior convictions do enhance the penalty and therefore are not included in the criminal history. So the two prior forgeries will not be included which would change the criminal history from category E to category G."

The district court imposed a controlling sentence of 10 months' imprisonment and placed Luttig on probation for 18 months with the mandatory condition that she serve 45 days in jail. The State timely appeals.

The State claims the district court erred in determining Luttig's criminal history score. Specifically, the State argues that the mandatory 45 days' imprisonment as a condition of probation on a third forgery conviction does not enhance the applicable penalty. Thus, the State argues that Luttig's two prior forgery convictions should have been scored as part of her criminal history.

Resolution of this issue involves statutory interpretation. Interpretation of a statute is a question of law, and an appellate court's standard of review is unlimited. *State v. Ruiz-Reyes*, 285 Kan. 650, 653, 175 P.3d 849 (2008).

We must examine two separate statutes under the Kansas Criminal Code. First, K.S.A. 21-3710, the forgery statute, provides in part as follows:

"(b)(1) Forgery is a severity level 8, nonperson felony.

. . . .

(3) On a second conviction of a violation of this section, a person shall be required to serve at least 30 days' imprisonment as a condition of probation, and fined the lesser of the amount of the forged instrument or $1,000.

(4) *On a third or subsequent conviction of a violation of this section, a person shall be required to serve at least 45 days' imprisonment as a condition of probation*, and fined the lesser of the amount of the forged instrument or $2,500." (Emphasis added.)

Second, K.S.A. 21-4710(d)(11), found in the Kansas Sentencing Guidelines Act (KSGA), provides as follows:

"Prior convictions of any crime shall not be counted in determining the criminal history category if they *enhance the severity level or applicable penalties*, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored." (Emphasis added.)

The fundamental rule of statutory construction, to which all other rules are subordinate, is that the intent of the legislature governs. *State v. McElroy*, 281 Kan. 256, 262, 130 P.3d 100 (2006). An appellate court's first task is to "ascertain the legislature's intent through the statutory language it employs, giving ordinary words their ordinary meaning." *State v. Stallings*, 284 Kan. 741, 742, 163 P.3d 1232 (2007).

When a statute is plain and unambiguous, an appellate court does not speculate as to the legislative intent behind it and will not read the statute to add something not readily found therein. In such an instance, an appellate court need not resort to statutory construction. It is only if the statute's language or text is unclear or ambiguous that an appellate court moves to the next analytical step, applying canons of construction or relying on legislative his-

tory construing the statute to effect the legislature's intent. *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007).

When statutes are ambiguous or unclear, an appellate court will apply canons of construction to effect the legislative intent. When construing statutes to determine legislative intent, an appellate court must consider various provisions of an act in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. *State v. Breedlove*, 285 Kan. 1006, 1015, 179 P.3d 1115 (2008). A specific statute controls over a general statute. *In re K.M.H.*, 285 Kan. at 82. As a general rule, criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt as to the meaning of the statute is decided in favor of the accused. Nevertheless, this rule of strict construction is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Paul*, 285 Kan. 658, 662, 175 P.3d 840 (2008).

Against this backdrop, the State argues that Luttig's 45-day prison term for her third forgery conviction mandated by K.S.A. 21-3710(b)(4) did not affect her sentence for forgery, but was merely an additional condition of probation. Because the district court always has discretion to include incarceration in a county jail for up to 60 days in felony cases as a condition of probation pursuant to K.S.A. 21-4602(c), the State argues that the mandatory 45-day term on a third or subsequent forgery conviction cannot be viewed as an enhancement of the penalty.

This argument fails under the plain language of K.S.A. 21-3710(b)(4), which *mandates* the 45-day imprisonment upon a third or subsequent forgery conviction. The fact that a district court otherwise has discretion to order a period of confinement as a condition of probation does not matter. K.S.A. 21-4710(d)(11) provides that prior convictions cannot be counted in determining criminal history if they enhance the applicable *penalty* for the current crime of conviction. The fact that Luttig is required to serve 45 days in jail as a condition of her probation certainly enhances her *penalty* in this case, even if the requirement does not otherwise affect the length of her sentence.

The State's argument would have merit if K.S.A. 21-4710(d)(11) prescribed that prior convictions shall not be counted in determining criminal history if they enhance the applicable *sentence* for the present crime of conviction. As the State notes, the fact that Luttig was ordered to serve 45 days in jail *as a condition of her probation* does not otherwise affect the length of her *sentence*. However, the statute's use of the word "penalties" rather than "sentence" is significant. Here, because this was Luttig's third forgery conviction, and for this reason alone, the district court was required to impose a 45-day jail term as a condition of her probation. Under the plain language of K.S.A. 21-4710(d)(11), this enhanced her applicable penalty for forgery in the present case.

We do not interpret K.S.A. 21-4704(i) to require the inclusion of all prior forgery convictions in determining a defendant's criminal history regardless of whether probation is granted, as is argued by the dissent. K.S.A. 21-4704(i) does not address criminal history. This provision was added to the KSGA to address mandatory rules of imprisonment for driving under the influence of alcohol, domestic battery, forgery, and other specified crimes. We interpret K.S.A. 21-4704(i) to mean that if an offender is convicted of any of the specified crimes and is going to be placed on probation, the offender must serve the mandatory term of imprisonment or jail time required by statute, even if the offender is otherwise presumptive probation under the guidelines. If an offender is convicted of one of the specified crimes and is going to be imprisoned anyway, then the special rules for mandatory jail time do not apply.

We agree with the dissent that application of K.S.A. 21-3710(b) and K.S.A. 21-4710(d)(11) can lead to inequitable results in certain hypothetical situations. Nevertheless, we find the language of the statutes to be plain and unambiguous, requiring no further statutory construction. Even if the statutory language is somehow ambiguous or unclear, the criminal statutes must be strictly construed in favor of Luttig. We affirm the district court's judgment that, to the extent Luttig's prior forgery convictions were used to enhance her applicable penalty in the present case, the prior convictions cannot be construed in determining her criminal history score.

However, we disagree that the district court was required to use both of Luttig's prior forgery convictions in order to impose the mandatory 45-day jail term as a condition of her probation. Luttig pled guilty to two counts of forgery in the present case. She was required to serve 45 days in jail as a condition of probation on a third or subsequent felony conviction. K.S.A. 21-4710(a) forbids the use of multiple convictions from the same information/complaint in determining criminal history, but the forgery statute's progressive penalty provisions contain no such analogous restrictions. K.S.A. 21-3710(b)(4) states in relevant part that "[o]n a third or subsequent conviction of a violation of this section, a person shall be required to serve at least 45 days' imprisonment as a condition of probation." The words "prior conviction" are not used. Furthermore, there is no timing requirement relative to the convictions; there is only the requirement that a third conviction exists.

Because Luttig pled guilty to two counts of forgery in the present case, the district court was only required to use one of her prior forgery convictions in order to impose the 45-day jail term. The district court should have counted Luttig's other prior forgery conviction, resulting in a criminal history of two prior nonperson felonies. Therefore, we vacate Luttig's sentence and remand with directions to resentence Luttig under criminal history category F.

Affirmed in part, vacated in part, and remanded.

KNUDSON, J., dissenting in part and concurring in part: I respectfully dissent from the majority's holding in Syl. ¶ 4 of the opinion. I would conclude counting Luttig's prior forgery convictions to determine criminal history does not run afoul of K.S.A 21-4710(d)(11) because the applicable penalty for forgery is 7 to 23 months. See K.S.A. 21-3710 and 21-4704; see also *State v. Boley*, 32 Kan. App. 2d 1192, 1197-98, 95 P.3d 1022 (2004) (noting that a severity level 1 penalty is the applicable penalty for commission of K.S.A. 65-4159[a]). Consequently, I would reverse the judgment of the district court and remand for resentencing of Luttig with a criminal history of 8-E.

One of the reasons Kansas went from indeterminate sentencing to a modified determinate sentencing scheme was to address and

correct disparity in sentencing. And, to some degree, K.S.A. 21-4710(d)(11) addresses that problem by attempting to limit double counting of an offender's prior convictions. Here, however, no such problem exists and county jail time as a condition of probation does not enhance the applicable penalty provided by law for the crime of forgery. In fact, if probation is revoked at a later time, an offender is entitled to credit for time spent in jail. K.S.A. 21-4614.

I also find support in 21-4704(i) that requires inclusion of all prior forgery convictions to determine a defendant's criminal history. In other words, a defendant's criminal history and the applicable grid box under sentencing guidelines will be the same regardless of whether the defendant is given a presumptive sentence or there is a departure sentence.

K.S.A. 21-4704(i) states:

"The sentence for the violation of the felony provision of K.S.A. 8-1567, subsection (b)(3) of K.S.A. 21-3412a, subsections (b)(3) and (b)(4) of K.S.A. 21-3710, K.S.A. 21-4310 and K.S.A. 21-4318, and amendments thereto, shall be as provided by the specific mandatory sentencing requirements of that section and shall not be subject to the provisions of this section or K.S.A. 21-4707 and amendments thereto. *If because of the offender's criminal history classification the offender is subject to presumptive imprisonment or if the judge departs from a presumptive probation sentence and the offender is subject to imprisonment, the provisions of this section and K.S.A. 21-4707, and amendments thereto, shall apply and the offender shall not be subject to the mandatory sentence as provided in K.S.A. 21-3710, and amendments thereto.* Notwithstanding the provisions of any other section, the term of imprisonment imposed for the violation of the felony provision of K.S.A. 8-1567, subsection (b)(3) and (b)(4) of K.S.A. 21-3710, K.S.A. 21-4310 and K.S.A. 21-4318, and amendments thereto, shall not be served in a state facility in the custody of the secretary of corrections." (Emphasis added.)

While perhaps somewhat ponderous, the emphasized language certainly means an offender's criminal history must include all prior forgery convictions regardless of whether probation is granted. Any other construction would create a significant sentencing disparity between offenders with identical past forgery convictions depending on whether probation was granted or the sentencing court decided to depart and impose a prison sentence.

One short example of the problem. Joe and Tom have identical criminal records with two prior forgery convictions. Both pled

guilty to another forgery. Joe is to receive a presumptive sentence of probation with 45 days in the county jail; consequently, his criminal history does not include the two prior forgeries. Tom, on the other hand, receives a departure sentence of imprisonment and his two prior forgeries are included in his criminal history. As a result, Tom receives a significantly longer sentence than Joe. Later Joe's probation is revoked, but his sentence to be served is less than Tom's because he received the criminal history windfall.

In summary, Joe and Tom should be treated equally in the eyes of the law. K.S.A. 21-4704(i) specifically addresses how that is to be accomplished. We should hold K.S.A. 21-4710(d)(11) does not apply and send this case back to the district court for resentencing.