No. 127,211

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN LEE LUND,
*Appellant*.

SYLLABUS BY THE COURT

1.

Erroneous application of a special sentencing rule can result in an illegal sentence that does not conform to the applicable statutory provision, either in character or punishment under K.S.A. 22-3504(c)(1).

2.

The special sentencing rule in K.S.A. 21-6805(f)(1), which creates a presumptive term of imprisonment for a "third or subsequent felony conviction" for unlawful possession of a controlled substance, is implicated only when the defendant has two qualifying felony convictions before the conviction to which the special rule is being applied.

Appeal from Saline District Court; AMY NORTON, judge. Submitted without oral argument. Opinion filed February 14, 2025. Sentence vacated and case remanded with directions.

*James M. Latta,* of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler,* assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., ISHERWOOD and HURST, JJ.

HURST, J.: In 2022 Dustin Lee Lund received two felony convictions for unlawful possession of a controlled substance in different counties, the first in January and the second in February. Lund had previously received a similar felony drug conviction more than a decade earlier. At sentencing for the January 2022 conviction, the district court applied a special sentencing rule called Special Rule 26 that creates a presumption of incarceration for a defendant's third or subsequent felony conviction for unlawful possession of a controlled substance. The issue on appeal is whether his conviction in this case—in which the district court applied that special sentencing rule—represented his third or subsequent felony conviction for unlawful possession of a controlled substance.

The special sentencing rule statute plainly applies to a third or subsequent conviction—requiring two prior convictions—before it can be imposed against a defendant. The district court erred in applying the special sentencing rule to Lund's second felony conviction for unlawful possession of a controlled substance which resulted in an illegal sentence under K.S.A. 22-3504(c)(1) because it "does not conform to the applicable statutory provision." Lund's sentence is therefore vacated, and the case is remanded to the district court for sentencing anew after considering the parties' arguments, motions, and the relevant Kansas Sentencing Guidelines Act provisions.

FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts are reasonably straightforward and undisputed. Lund received multiple felony convictions for unlawful possession of controlled substances under K.S.A. 21-5706 and its precursor statute K.S.A. 21-36a06, the first in 2008 and then two more in 2022. On January 21, 2022, in case No. 20-CR-1050, Lund pled no contest to felony unlawful possession of methamphetamine and fleeing or eluding law enforcement in Saline County. On February 14, 2022, after conviction but before sentencing in case

No. 20-CR-1050, Lund was convicted of felony unlawful possession of a controlled substance in case No. 19-CR-639 in Geary County. Before his convictions in 2022, Lund was convicted of unlawful possession of oxycodone on May 20, 2008.

At sentencing for this case, No. 20-CR-1050—Lund's second felony conviction for unlawful possession of a controlled substance—Lund's criminal history score was classified as "E" with no objection. The district court then found that this case was subject to special sentencing rule 26 pursuant to K.S.A. 21-6805(f)(1), which created a presumption of prison for a "third or subsequent felony conviction" of unlawful possession of a controlled substance under K.S.A. 21-5706. The district court imposed a 20-month prison sentence with 12 months of postrelease supervision for the unlawful possession conviction. For the other count of misdemeanor fleeing and eluding, the court imposed a 6-month jail sentence to run concurrent with the felony possession sentence, which created a controlling prison sentence of 20 months.

Lund filed motions objecting to the imposition of Special Rule 26 in case No. 20-CR-1050 before and after sentencing, and the district court denied each motion. On August 21, 2023, the district court held a hearing on Lund's postsentencing motion to modify and correct an illegal sentence. Lund argued he should have been offered Senate Bill 123 drug treatment pursuant to K.S.A. 21-6824 because the Saline County conviction at issue was only his second of three felony convictions for unlawful possession of a controlled substance under K.S.A. 21-5706. The State argued that all the cases occurring before sentencing would "cross score" against each other and that the February 2022 conviction was a "prior conviction," making him ineligible for Senate Bill 123 treatment. Although Lund was convicted in Geary County after the Saline County conviction, the district court in the Saline County case denied application of Senate Bill 123 explaining:

"Pursuant to K.S.A. 21-6810, subsection (a), in determining a person's criminal history and their categorization and criminal history score, you are to count all

3

classifiable prior convictions. And it defines a prior conviction as any conviction which occurred prior to sentencing in the current case, regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case. And under Kansas case law a person is convicted upon the entry and acceptance of a plea. . . . [B]ased upon the timing and the cases . . . even though you had not been sentenced for the Geary County case . . . you were found to have two prior convictions which would render you ineligible for Senate Bill treatment as both of those prior convictions were for a felony drug possession offense."

Lund appealed the denial of his motion.

## DISCUSSION

Lund's sole claim on appeal is that the district court erred by applying Special Rule 26 to his felony conviction for possession of an unlawful substance in case No. 20-CR-1050. Although this court generally lacks subject matter jurisdiction to hear objections to presumptive sentences imposed in accordance with the Kansas Sentencing Guidelines Act (KSGA), Lund does not challenge the propriety or reasonableness of his sentence under the guidelines. See K.S.A. 21-6820(c)(1); *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021) (appellate courts ordinarily lack jurisdiction to review presumptive sentences). Rather, Lund challenges the legality of his sentence—claiming it does not comply with the guidelines—and appeals the district court's denial of his motion to correct an illegal sentence. See K.S.A. 22-3504(a).

This court may review and correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a); see also *State v. Dickey*, 301 Kan. 1018, Syl. ¶ 1, 350 P.3d 1054 (2015). An illegal sentence is one that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156,

4

158, 505 P.3d 739 (2022); *State v. Hayes*, 307 Kan. 537, 538, 411 P.3d 1225 (2018). Lund argues that the district court's sentence does not conform to the applicable statutory provisions in that it incorrectly interpreted and applied the special rule in K.S.A. 21-6805(f)(1). This court therefore has jurisdiction to review Lund's claim that his sentence is illegal.

In relevant part, the special sentencing rule in K.S.A. 21-6805(f)(1) provides:

> "The sentence for a *third or subsequent felony conviction* of K.S.A. 65-4160 or 65-4162, prior to their repeal, K.S.A. 21-36a06, prior to its transfer, or K.S.A. 21-5706, and amendments thereto, shall be a presumptive term of imprisonment and the defendant shall be sentenced to prison as provided by this section." K.S.A. 21-6805(f)(1). (Emphasis added.)

Determining whether Lund's sentence is illegal requires interpretation of this sentencing statute, which is a question of law over which this court exercises unlimited review. *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019). A sentence "that does not conform to the applicable statutory provision" is illegal. K.S.A. 22-3504(c)(1); see *Dickey*, 301 Kan. at 1034; *State v. Trotter,* 296 Kan. 898, 902, 295 P.3d 1039 (2013). Erroneous application of a special sentencing rule can result in an illegal sentence that does not conform to the appliable statutory provision either in character or punishment under K.S.A. 22-3504(c)(1).

Lund challenges the district court's reliance on K.S.A. 21-6805(f)(1) in sentencing him in case No. 20-CR-1050 because it was his second—not third—felony conviction for unlawful possession of a controlled substance. Lund contends that but for the district court's erroneous application of K.S.A. 21-6805(f)(1), with his criminal history score of "E" and just one qualifying felony drug conviction before his conviction in case No. 20-CR-1050, he would have qualified for mandatory drug treatment under K.S.A. 21-6824 in this case.

When interpreting a statute, the fundamental rule "is that the intent of the legislature governs if that intent can be ascertained." *Stewart Title of the Midwest v. Reece & Nichols Realtors*, 294 Kan. 553, 557, 276 P.3d 188 (2012). In determining the legislative intent, this court begins its review with the "plain language of the statute," and when that language is unambiguous this court "refrain[s] from reading something into the statute that is not readily found in its words." *In re M.M.*, 312 Kan. 872, 874, 482 P.3d 583 (2021). When reviewing the statutory language, an appellate court must give common words their ordinary meanings. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). When there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. *State v. Betts*, 316 Kan. 191, 198, 514 P.3d 341 (2022).

The plain language of Special Rule 26 in K.S.A. 21-6805(f)(1) applies to a "third or subsequent felony conviction," which contains no ambiguity. According to the statutory language, the special sentencing rule only applies to the third or later qualifying conviction—which means there must be a first and second conviction *before* Special Rule 26 can be applied. The district court—and now the State on appeal—contends that K.S.A. 21-6805(f)(1) should be read to apply to "prior convictions" as defined in K.S.A. 21-6810(a) rather than the chronologically third or subsequent conviction as stated. This argument lacks statutory support.

Lund received his first applicable felony conviction for unlawful possession of a controlled substance in May 2008 and his second—the one at issue in this case—in January 2022. Before sentencing in this case, Lund received a third qualifying felony conviction for unlawful possession of a controlled substance in February 2022. To be clear, as of Lund's *sentencing* in this case, he had three felony convictions for unlawful possession of controlled substances. The sentencing dispute apparently arose because Lund was sentenced in this case—his second qualifying felony drug conviction—after he

6

received his third qualifying felony conviction for unlawful possession of a controlled substance. Such an occurrence is not unusual, but it does not change the plain statutory language dictating how Special Rule 26 applies to these convictions.

The State contends that Lund's sentence should be affirmed because the KSGA uses "prior convictions" for calculating a defendant's criminal history score and that the same methodology should apply to the special sentencing rule for a "third or subsequent" conviction. A "prior conviction" is defined as "any conviction . . . which occurred *prior to sentencing* in the current case, regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." K.S.A. 21-6810(a). Using this definition, the State argues that rather than chronologically counting convictions, if a defendant has at least three qualifying convictions at the time of sentencing, the court could apply Special Rule 26 to any of those convictions. However, this interpretation defies the common meaning of the statutory language and there is no indication that the Legislature intended these phrases to mean the same thing.

The State argues that a panel of this court previously determined that the "prior conviction" definition in K.S.A. 21-6810(a) should be used to identify the "third or subsequent" qualifying felony drug conviction for imposition of Special Rule 26. See *State v. Mangold*, No. 118,996, 2019 WL 3756091, at *5-6 (Kan. App. 2019) (unpublished opinion). First, *Mangold* does not appear to stand for the proposition that Special Rule 26 applies to a second felony drug conviction. See 2019 WL 3756091, at *5-6. The court convicted Mangold with various crimes in two cases, 17-CR-124 and 17-CR-133, with each case containing a single qualifying felony charge of unlawful possession of a controlled substance. 2019 WL 3756091, at *1. In *Mangold*, the panel explained that in case No. 17-CR-133, "the court applied a special rule since it was a third subsequent felony drug conviction and the crime was committed while Mangold was on felony bond." 2019 WL 3756091, at *3. The *Mangold* opinion does not provide

7

Mangold's felony drug conviction history, but the court's statement that Special Rule 26 was properly applied to a "third subsequent felony drug conviction" is sound. See 2019 WL 3756091, at *3, 5. While the *Mangold* panel quotes the "prior conviction" definition from K.S.A. 21-6810(a) in its abbreviated analysis of the district court's application of Special Rule 26, the purpose appears related to counting Mangold's same-day convictions. See 2019 WL 3756091 at *5. However, to the extent the panel considered a conviction that occurred after the case being sentenced to count as a qualifying conviction for application of Special Rule 26 in K.S.A. 21-6805(f)(1), this panel disagrees.

First, the common, ordinary meaning of the phrases "prior conviction" and "third or subsequent felony conviction" are different. The phrase "prior conviction" has no sequential requirement or condition precedent, unlike the phrase "third or subsequent." Additionally, the phrases have different temporal conditions. "Prior" commonly means "before," and "subsequent" commonly means "after," and thus they apply to a different set of possible convictions. As set forth in K.S.A. 21-6810, the phrase "prior conviction" generally refers to any conviction that has occurred before sentencing in any case. However, "third or subsequent felony conviction" provides a specific numerical modifier on an applicable "conviction," requiring that the defendant have at least two qualifying convictions before the conviction subject to the special sentencing rule.

Second, the two statutory provisions, although both related to sentencing, appear to have different purposes. The "prior conviction" language applies to all types of criminal convictions when calculating a defendant's criminal history generally. Lund's "prior convictions" will be used to calculate the type and length of his potential sentence for any criminal conviction, and he will suffer its application regardless of the applicability of Special Rule 26. However, the "third or subsequent" language in K.S.A. 21-6805(f)(1) applies only to Lund's felony convictions for unlawful possession of a controlled substance. This is more akin to habitual offender enhancements. See *State v.*

8

*Ruiz-Reyes*, 285 Kan. 650, 654, 175 P.3d 849 (2008) (analyzing a sentencing enhancement after enactment of the KSGA which "radically altered" the court's previous criminal sentencing philosophy). While previous judicial interpretations of the Habitual Criminal Act (HCA) "have no place in [the court's] interpretation of the KSGA," the enactment of the KSGA does not alter the plain meaning of statutory language. See *Ruiz-Reyes*, 285 Kan. 650, Syl. ¶ 4. In *Ruiz-Reyes*, the Kansas Supreme Court analyzed a since repealed statute with roots in the HCA—the former basis for sequential conviction requirements superseded by the KSGA in 1992. The court found that the KSGA's broad definition of "prior conviction . . . also applies to the determination of an offense's criminal severity level unless the legislature specifically indicates a contrary intent." *Ruiz-Reyes*, 285 Kan. 650, Syl. ¶ 5. The plain language of K.S.A. 21-6805(f)(1) specifically indicates an intent to impose a sequential sentence enhancement for a third or subsequent specific, qualifying conviction. This demonstrates the Legislature's intent to impose Special Rule 26 in more particular circumstances than the broad "prior conviction" definition used to calculate a criminal history score.

A panel of this court recently addressed this issue and held that the broad definition of "prior conviction" in K.S.A. 21-6810 did not permit application of the special sentencing rule in K.S.A. 21-6805(f)(1) to a second qualifying conviction. *State v. Bell*, 65 Kan. App. 2d 160, 168-69, 561 P.3d 562 (2024). The panel in *Bell* found that Special Rule 26's plain language applying to "third or subsequent" convictions required a preexisting first and second conviction of unlawful possession of a controlled substance. 65 Kan. App. 2d at 168-69. Unlike the facts here, Bell received two convictions for unlawful possession of a controlled substance at the same time through a global plea agreement. Like the panel's decision in *Bell*, this court finds that Special Rule 26 in K.S.A. 21-6805(f)(1) permitting a presumptive prison sentence for a third or subsequent qualifying felony drug conviction only applies to the sequentially third or later such conviction. A third qualifying conviction necessarily requires a first and second qualifying conviction.

9

CONCLUSION

The plain language of K.S.A. 21-6805(f)(1) is clear and unambiguous, and its sentencing enhancements apply to a defendant's chronological third or subsequent felony conviction for unlawful possession of a controlled substance. At the time of his sentencing, Lund had three total qualifying felony drug convictions, but Special Rule 26 can only apply to one of those convictions—his third. To find otherwise would ignore the clear statutory language. The district court erred when it applied Special Rule 26 in K.S.A. 21-6805(f)(1) to Lund's second felony conviction for unlawful possession of a controlled substance, and therefore Lund's sentence is illegal. Lund's sentence is vacated, and the case is remanded to the district court for resentencing with directions.

Sentence vacated and case remanded with directions.