NOT DESIGNATED FOR PUBLICATION

No. 128,018

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRETT W. VANARSDALE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Brett W. VanArsdale pled guilty to charges of aggravated battery, aggravated child endangerment, and furnishing alcohol to a minor. His sentencing journal entry contains a court-ordered $100 Kansas Board of Indigent Defense Services (BIDS) application fee and a $725 sexual assault kit/exam fee. VanArsdale did not file a direct appeal challenging these fees.

VanArsdale later filed a pro se Motion to Waive Non-Statutory Fees, arguing that the district court erred in imposing the BIDS application fee and sexual assault kit/exam

fee. The district court denied the motion, finding that the district court was without jurisdiction to modify VanArsdale's sentence, and that VanArsdale should have challenged these fees within a direct appeal.

On appeal, VanArsdale alleges the district court erred in failing to construe his motion as a motion to correct illegal sentence under K.S.A. 22-3504. But even if we construe VanArsdale's motion as he requests, the fees he challenges are costs and cannot be challenged as part of a motion to correct illegal sentence because they are not a part of his sentence. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On September 3, 2021, Brett VanArsdale pled guilty to aggravated battery, aggravated child endangerment, and furnishing alcohol to a minor. A plea agreement between VanArsdale and the State made no mention of any requirement to pay fees or costs.

VanArsdale was sentenced in October 2021. The sentencing journal entry contains several court-ordered fines and costs, but only two are the subject of this appeal: a $100 "BIDS Application Fee," and a $725 "Sexual Assault Kit/Exam Fee." VanArsdale did not pursue a direct appeal of any fee or court cost.

On October 16, 2023, VanArsdale filed a pro se Motion to Waive Non-Statutory Fees in district court. In his motion, VanArsdale alleged that the district court erred in ordering the $725 fee for the sexual assault kit and examination, because while he was originally charged with several sex crimes, the ultimate crimes of conviction were not reasonably related to the fee ordered. As to the $100 BIDS application fee, VanArsdale argued that the district court failed to consider whether the BIDS application fee would create a manifest hardship for VanArsdale under K.S.A. 22-4529.

2

On January 9, 2024, the district court issued an order denying the motion, noting that the court did not have jurisdiction to modify the sentence except for clerical errors, and that VanArsdale should have challenged the fees on direct appeal. VanArsdale timely appeals.

ANALYSIS

DID THE DISTRICT COURT ERR IN DENYING VANARSDALE'S MOTION TO WAIVE NON-STATUTORY FEES?

On appeal, VanArsdale contends that the district court erred by failing to construe his motion as a motion to correct illegal sentence pursuant to K.S.A. 22-3504.

*Standard of Review*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a).

*Discussion*

VanArsdale first argues that the district court should have considered his motion as a motion to correct illegal sentence because pro se pleadings are to be liberally construed. *State v. Andrews*, 228 Kan. 368, 370, 614 P.2d 447 (1980). VanArsdale also argues that under K.S.A. 60-208(e), "[a]ll pleadings shall be so construed as to do substantial justice." Finally, VanArsdale argues that his failure to cite the correct statutory grounds for his claim is immaterial under *Bruner v. State*, 277 Kan. 603, 605, 88 P.3d 214 (2004), and several other Kansas appellate decisions.

3

While VanArsdale correctly states these legal maxims, even if we construe his pleading as a motion to correct illegal sentence, he is still not entitled to relief.

*BIDS Application Fee*

VanArsdale argued in his motion that the district court failed to inquire into his financial circumstances before ordering him to pay a $100 BIDS application fee. A defendant who applies for court-appointed counsel must pay a $100 BIDS application fee unless the court finds that payment of the fee "will impose manifest hardship on the defendant," in which case the court may waive all or part of the fee. K.S.A. 22-4529.

On appeal, VanArsdale does not specifically argue that the $100 BIDS application fee was part of an illegal sentence. But VanArsdale generally argues that his entire motion should have been considered a motion to correct illegal sentence, and all issues should be remanded to district court for consideration. Based on this more general challenge, we will still address the issue here.

A sentence is illegal when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019).

VanArsdale's reliance on K.S.A. 22-3504 as a basis for relief is misplaced. The BIDS application fee imposed under K.S.A. 22-4529 is not part of a criminal sentence because it is not punitive in nature. Rather, the fee only recoups costs associated with the provision of counsel to indigent defendants. *State v. Phillips*, 289 Kan. 28, 36, 210 P.3d 93 (2009). In *Phillips*, the issue before the court was whether a BIDS application fee was part of Phillips' sentence. "Hence, we conclude the order to pay is made at the time of

4

appointment of counsel and before sentencing, is nonpunitive, is merely an imposition of costs, and is not part of the sentence." 289 Kan. at 39.

Accordingly, because the $100 BIDS application fee is not part of a criminal sentence, it cannot be addressed as the subject of a motion to correct illegal sentence.

*Sexual Assault Kit and Examination Fee*

Under K.S.A. 22-3801(a), "[i]f the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases."

K.S.A. 28-172a(d) states that all other costs shall be approved by the court, including:

> "fees for Kansas bureau of investigation forensic or laboratory analyses, fees for detention facility processing pursuant to K.S.A. 12-16,119, and amendments thereto, fees for the sexual assault evidence collection kit, fees for conducting an examination of a sexual assault victim, fees for service of process outside the state, witness fees, fees for transcripts and depositions, costs from other courts, doctors' fees and examination and evaluation fees."

Here, the $725 fee ordered by the district court was for a sexual assault evidence collection kit and for conducting an examination of a sexual assault victim. See K.S.A. 28-172a(d). VanArsdale argues this fee was part of an illegal sentence under K.S.A. 22-3504. He also argues that this fee "may be illegal if the trial court did not make that assessment from the bench. It may also be illegal if the trial court ordered Van[A]rsdale to pay for the sexual assault examinations through a restitution order." But VanArsdale bears the burden to designate a record to support these two additional claims, and the record contains no transcript from the sentencing hearing. It is "a well-established rule

5

that an appellant has the burden to designate a record sufficient to establish the claimed error. Without an adequate record, an appellant's claim of alleged error fails." *State v. Swafford*, 257 Kan. 1099, 1101, 913 P.2d 196 (1996); see also Supreme Court Rule 6.02(a)(4), (a)(5) (2025 Kan. S. Ct. R. at 36). Because VanArsdale failed to designate a record to support his arguments, these two claims fail.

VanArsdale's only remaining claim is that the sexual assault kit/exam fee was part of an illegal sentence that the district court failed to address.

The sexual assault kit/exam fee is a cost specifically included in K.S.A. 28-172a (d). And a panel of our court has found that the sexual assault kit/exam fee is a cost under K.S.A. 28-172a(d). *State v. Walker*, No. 125,554, 2023 WL 7983816, at *6 (Kan. App. 2023) (unpublished opinion), *rev. denied* 318 Kan. 1089 (2024).

Moreover, if a fee statute indicates that the fee is being charged for the purpose of recouping expenses related to a court proceeding, it is a cost. See *Phillips*, 289 Kan. at 36. Costs are not to be considered part of a defendant's sentence. 289 Kan. at 34-35 (costs are not punitive and thus are not a part of a criminal sentence).

Here, K.S.A. 28-172a(d) states that the fee is "for the sexual assault evidence collection kit" and "for conducting an examination of a sexual assault victim." The language of this statute is clear, and there is no need to resort to statutory construction. *State v. Ruiz-Reyes*, 285 Kan. 650, 653, 175 P.3d 849 (2008). Under the plain language of the statute, the fee is clearly related to recouping expenses related to the prosecution for sexual assault within a court proceeding. The sexual assault kit/exam fee is a cost and not a part of VanArsdale's sentence.

Thus, even if we construe VanArsdale's Motion to Waive Non-Statutory Fees as a motion to correct an illegal sentence, he is still not entitled to relief. "K.S.A. 22-3504

6

allows a court to correct an illegal sentence in only specifically defined and narrow circumstances." *State v. Brown*, 320 Kan. 426, 429-30, 569 P.3d 909 (2025). We find that to succeed on a motion to correct an illegal sentence, the challenged issue must first be a part of that sentence.

Affirmed.