No. 95,105

STATE OF KANSAS, *Appellee*, v. DAUBIN PAUL, *Appellant*.

(175 P.3d 840)

Opinion filed February 1, 2008.

*Julie A. McKenna*, of McKenna Law Office, P.A., of Salina, argued the cause and was on the brief for appellant.

*Amy J. Henley*, assistant county attorney, argued the cause, and *Bobby J. Hiebert, Jr.*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: Daubin Paul was convicted in 2005 of one count of sale of methamphetamine and one count of possession of drug paraphernalia. The trial court determined that his sale of methamphetamine conviction was a severity level 1 drug felony under K.S.A. 2006 Supp. 65-4161(c) based upon two similar convictions finalized in 1999. Paul argued that the two 1999 offenses qualified as only one prior offense because both convictions occurred on the same date. The Court of Appeals affirmed in a per curiam opinion. *State v. Paul*, No. 95,105, unpublished opinion filed January 12, 2007. We granted Paul's petition for review.

*Facts*

On May 13, 2005, Paul was convicted in Saline County of one count of sale of methamphetamine and one count of possession of drug paraphernalia based upon conduct that occurred on July 20, 2004. Defendant acknowledges, and the record establishes, that defendant was twice convicted in 1999 of felony drug convictions "under this section," as specified in K.S.A. 65-4161: an August 30, 1999, conviction for sale of a stimulant (Saline County Case No. 99 CRM 602) and an August 30, 1999 conviction for possession of a stimulant with intent to sell, deliver, or distribute (Saline County Case No. 99 CRM 613). Although the two convictions were finalized on the same day, those convictions resulted from separate conduct occurring on separate days in 1999 and were charged in separate complaints.

The trial court determined that the defendant's present drug conviction was a severity level 1 drug felony under K.S.A. 2006 Supp. 65-4161(c) based upon his two similar convictions finalized in 1999. Paul unsuccessfully argued that his present drug conviction could only be a severity level 2 felony drug conviction under K.S.A. 2006 Supp. 65-4161(b), because the two prior convictions occurred on the same day and may therefore only be counted as one prior conviction. Paul relied upon *State v. Wilson*, 6 Kan. App. 2d 302, 627 P.2d 1185, *aff'd* 230 Kan. 287, 634 P. 2d 1078 (1981), a decision by the Court of Appeals and affirmed by this court interpreting the provisions of the Kansas Habitual Criminal Act

(HCA), K.S.A. 21-4504(2), as it existed prior to the enactment of the Kansas Sentencing Guidelines Act (KSGA).

Paul raised several additional claims of error before the Court of Appeals. However, his petition for review from the Court of Appeals' decision affirming his convictions and sentence identifies only the issue of the appropriate severity level for his conviction for sale of methamphetamine. In addition to his argument on this issue before the Court of Appeals, Paul claims that the decision in his case is inconsistent with another published decision of the Court of Appeals, *State v. Ruiz-Reyes*, 37 Kan. App. 2d 75, 149 P.3d 521 (2007), which was decided on the same day. We granted review in *Ruiz-Reyes* and decide it together with this case on this day. Our decision in *Ruiz-Reyes* demonstrates that no such inconsistency exists between the cases, as the decisions in both cases are based on the applicable plain language of 65-4161. See *State v. Ruiz-Reyes*, 285 Kan. 650, 175 P.3d 849 (2008).

*Standard of Review*

Resolution of this case turns on our interpretation of K.S.A. 2006 Supp. 65-4161, a self-contained habitual criminal statute that sets forth the conditions under which the criminal severity level of a conviction will be enhanced at sentencing. "The interpretation of a statute is a question of law over which this court has unlimited review." *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

When called upon to interpret a statute, the intent of the legislature expressed through the language in the statute governs. When a statute is plain and unambiguous, we do not speculate as to the legislative intent behind it and will not read the statute to add something not readily found in it. *In re K.M.H.*, 285 Kan. 53, 79, 169 P.3d 1025 (2007). Ordinary words are given their ordinary meanings. A statute should not be read to add language that is not found in it or to exclude language that is found in it. *Bryan*, 281 Kan. at 159.

Where the statutory provision or language is ambiguous, that is, where the statute contains provisions or language of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language, and leaves us generally uncertain

which one of two or more meanings is the proper meaning, we must resort to maxims of construction. See *Weber v. Tillman*, 259 Kan. 457, 476, 913 P.2d 84 (1996). "The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained." *Winnebago Tribe of Nebraska v. Kline*, 283 Kan. 64, 77, 150 P.3d 892 (2007). In addition, courts called on to construe the meaning of ambiguous criminal statutes must consider " '[t]he general rule . . . that a criminal statute must be strictly construed in favor of the accused, which simply means that words are given their ordinary meaning. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute.' " *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 (2005). Nevertheless, this rule relating to strict construction of criminal statues " 'is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent.' [Citation omitted.]" 279 Kan. at 121.

Finally, we have noted that "[i]n construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. [Citation omitted.]" *Petty v. City of El Dorado*, 270 Kan. 847, 852, 19 P.3d 167 (2001).

*K.S.A. 2006 Supp. 65-4161*

K.S.A. 2006 Supp. 65-4161 provides in relevant part:

"(a) Except as authorized by the uniform controlled substances act, it shall be unlawful for any person to sell, offer for sale or have in such person's possession with intent to sell, deliver or distribute; prescribe; administer; deliver; distribute; or dispense any opiates, opium or narcotic drugs, or any stimulant designated in subsection (d)(1), (d)(3) or (f)(1) of K.S.A. 65-4107 and amendments thereto. *Except as provided in subsections (b), (c) and (d), any person who violates this subsection shall be guilty of a drug severity level 3 felony.*

"(b) *If any person who violates this section has one prior conviction under this section* or a conviction for a substantially similar offense from another jurisdiction, *then that person shall be guilty of a drug severity level 2 felony.*

"(c) *If any person who violates this section has two or more prior convictions under this section* or substantially similar offenses under the laws of another jurisdiction, *then such person shall be guilty of a drug severity level 1 felony.*" (Emphasis added.)

See K.S.A. 65-4161(a), (b), and (c) (language is same).

Application of the plain language of the above statute to the facts of this case yields the following results: Paul is a person who violated K.S.A. 2006 Supp. 65-4161(a) by reason of his 2005 conviction in Saline County of one count of sale of methamphetamine. In 1999 (that is, prior to the time he committed the offense underlying his 2005 conviction), Paul was twice convicted of felony drug charges that qualified "under this section," as set forth in K.S.A. 2006 Supp. 65-4161(c). See *State v. Crank*, 262 Kan. 449, 455-58, 939 P.2d 890 (1997) (holding that the phrase "prior conviction under this section" should be read broadly to include any prior conviction under the Kansas Uniform Controlled Substances Act, K.S.A. 65-4101 *et seq.*, or other analogous municipal or foreign provisions). These two 1999 convictions were charged separately and involved different events on separate days in 1999. The inescapable conclusion is that Paul's previous convictions comport perfectly with the plain language of K.S.A. 2006 Supp. 65-4161(a) and (c) and that Paul is therefore "guilty of a drug severity level 1 felony" under K.S.A. 2006 Supp. 65-4161(c).

Based upon the plain language of the statute, we affirm the decision of the Court of Appeals affirming the district court. However, we recognize that defendant's primary argument—that his two prior convictions occurring on the same date required the trial court to treat them as one prior conviction—has created some confusion and should be fully addressed in our opinion. At the same time, we note that to credit Paul's argument, we would have to read into the language of K.S.A. 2006 Supp. 65-4161 an additional sequencing requirement.

Paul attempts to create ambiguity not by pointing to the language of K.S.A. 2006 Supp. 65-4161, but by asking us to interpret K.S.A. 2006 Supp. 65-4161 in the same way that this court and the Court of Appeals interpreted the HCA, K.S.A. 21-4504, a self-contained sentencing enhancement law that preexisted the enactment of the modern sentencing guidelines. See *Wilson*, 230 Kan. 287; *Wilson*, 6 Kan. App. 2d 302.

In order to more fully understand Paul's argument, it is helpful to provide a brief review of the habitual criminal statutes and the

interpretation of those statutes by the courts of this state. The HCA was adopted by the Kansas Legislature "in the hope of bringing about a reformation of criminals by an increased penalty for a second offense and when that hope of reformation had passed then the increased punishment should be meted out for the third offense." *State v. Murray*, 200 Kan. 526, 530, 437 P.2d 816 (1968). In *State v. Lohrbach*, 217 Kan. 588, 591, 538 P.2d 678 (1975), this court similarly explained:

> "The basic philosophy underlying recidivist statutes might be expressed in this fashion: where the punishment imposed against an offender for violating the law has failed to deter him from further infractions, a harsher and more severe penalty is justified, the idea being, hopefully, that the greater punishment may serve as an object lesson and cause him to accomplish his reformation, where the lesser penalty had failed in that respect."

To effectuate this purpose, this court held that under the HCA, "a convict must be subject to sentence for a second felony conviction before he can be sentenced for a third felony conviction." *Murray*, 200 Kan. at 531.

The Court of Appeals in *Wilson* considered almost the identical issue under the HCA that we now consider in Paul's case under the KSGA. The question in *Wilson* was whether a conviction could be treated as a third offense under the HCA (and the term of the sentence increased accordingly) based on two convictions for offenses committed on different days that were obtained prior to the commission of the current offense but on the same day as one another. *Wilson* concluded that prior convictions obtained on the same day could only be used as a single conviction for purposes of increasing a sentence under the HCA:

> "Our case law has pronounced that where there are convictions for multiple offenses growing out of a single act or transaction, or where there are multiple convictions obtained on the same date for offenses committed at different times or places, the multiple convictions can be used only as a single conviction for the purpose of sentence enhancement. . . . The common denominator of these rules is that sentence enhancement requires conviction prior to commission of the subsequent offense, the requirement we have noted as legislatively and judicially made applicable to enhancement of sentence of a defendant as a second offender. Recognition of judicial expressions of the purpose, objective and philosophy of our habitual criminal statute, K.S.A. 1980 Supp. 21-4504 and its pred-

ecessors, and logic compel application of the sequential relation requirement to the enhanced sentencing of defendants as third-time offenders." 6 Kan. App. 2d at 306.

This court adopted the reasoning of *Wilson* and affirmed the holding. 230 Kan. at 287-88.

We acknowledge that there were sound reasons for our interpretation of the HCA, not the least of which involved a "[r]ecognition of judicial expressions of the purpose, objective and philosophy of our habitual criminal statute, K.S.A. 1980 Supp. 21-4504 and its predecessors." *Wilson*, 6 Kan. App. 2d at 306. However, the purposes, objectives, and philosophy of criminal sentencing in Kansas have been radically altered with enactment of the KSGA in 1992. We now look to those guidelines for resolution of sentencing questions, not to "judicial expressions" of historical sentencing philosophy. The interpretations of the HCA have no place in our interpretation of the KSGA or the provisions of K.S.A. 2006 Supp. 65-4161.

*The Kansas Sentencing Guidelines Act (KSGA)*

Paul's argument ignores not only the plain language of K.S.A. 2006 Supp. 65-4161, but also the profound changes that occurred when the Kansas Legislature enacted the KSGA, effective July 1, 1993, currently K.S.A. 21-4701 *et seq.* See generally L. 1992, ch. 239. In contrast to the pre-KSGA sentencing scheme, which depended largely on the sentencing court's determination of the appropriate sentence on a case-by-case basis, the KSGA established a grid with presumptive sentencing ranges for convictions based on an offender's criminal history and the severity level of the crime. Compare K.S.A. 21-4501 (sentencing for crimes committed prior to July 1, 1993) with K.S.A. 2006 Supp. 21-4705(a) (sentencing for drug crimes committed on or after July 1, 1993). Moreover, at the time of the enactment of the KSGA, the legislature explicitly stated that the HCA "shall not be applicable to . . . any felony committed on or after July 1, 1993." K.S.A. 21-4504(e)(3); see L. 1992, ch. 239, sec. 235.

Particularly with regard to drug crimes, the KSGA provides that the sentencing guidelines grid in K.S.A. 2006 Supp. 21-4705(a)

"will apply for the purpose of sentencing violations of the uniform controlled substances act except as otherwise provided by law." K.S.A. 2006 Supp. 21-4705(b). Each grid box is defined by the intersection of an offender's criminal history score with the severity level of the offense committed. See K.S.A. 2006 Supp. 21-4705(a). As this court noted in *State v. Ivory*, 273 Kan. 44, 46, 41 P.3d 781 (2002), criminal history and crime severity level are distinct factors that together determine a person's sentence under the KSGA. A prior conviction may be used to enhance a conviction's severity level or in a calculation of a person's criminal history, but not both. See K.S.A. 21-4710(d)(11).

Most important for the resolution of this case, the definition of "prior conviction" provided by the KSGA is much broader than that previously discussed by the Kansas courts under the HCA. Although the KSGA in K.S.A. 21-4710(a) deals with a defendant's criminal history, the general definition of prior conviction contained in that section makes no reference to criminal history. Prior conviction is defined in that section as

*"any conviction,* other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, *which occurred prior to sentencing in the current case* regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case." (Emphasis added.) K.S.A. 21-4710(a).

Nothing in the definition of prior conviction or in the plain language of K.S.A. 2006 Supp. 65-4161 prevented the trial court from considering each of Paul's prior convictions for enhancement purposes. Indeed, to interpret K.S.A. 2006 Supp. 65-4161 otherwise would be to ignore the plain language of both statutes.

*Kansas Case Law After 1993*

This court first considered the effect of the adoption of the KSGA on self-contained habitual criminal statutes in its decision in *Crank*. There, we were called on to interpret K.S.A. 1996 Supp. 65-4162, which at that time contained similar language to the habitual criminal provisions currently contained in K.S.A. 2006 Supp. 65-4161, and held that the phrase "prior conviction under this sec-

tion" should be read broadly to include any prior conviction under the Kansas Controlled Substances Act or other analogous municipal or foreign provisions. 262 Kan. at 455-58. We explained:

"In reaching this result, we have examined legislative intent as expressed throughout the Uniform Controlled Substances Act, the Sentencing Guidelines Act, and records of the House and Senate Judiciary Committee sessions. The legislature has clearly expressed an intent to use prior convictions to enhance the severity level of drug crimes." 262 Kan. at 455-56.

We did not specifically determine in *Crank* whether the sequential analysis previously used by the Kansas courts under the HCA would continue under habitual criminal statutes governed by the KSGA because the question was not before us.

However, in *State v. Bandy*, 25 Kan. App. 2d 696, 971 P.2d 749 (1998), *rev. denied* 266 Kan. 1110 (1999), the Court of Appeals considered the precise question of whether the HCA sequential analysis in *Wilson* applied under the KSGA. *Bandy* turned on the interpretation of a self-contained habitual criminal statute involving a third offense for driving with a suspended license. See K.S.A. 1997 Supp. 8-262(a)(1)(C); 25 Kan. App. 2d at 697-99. The defendant in that case was convicted for a third offense of driving with a suspended license but claimed on appeal that because he did not have a conviction for his second offense before he committed his third offense, he should not have been sentenced as a three time offender.

*Bandy* considered the legislative history of both the HCA and the KSGA and concluded that "[t]he KSGA has all but eliminated the HCA and, thus, the accompanying *Wilson* rule." 25 Kan. App. 2d at 699. Quoting this court's decision in *State v. Spain*, 263 Kan. 708, 711, 953 P.2d 1004 (1998), *Bandy* noted that " ' "[W]hen the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment." ' [Citation omitted.]" 25 Kan. App. 2d at 699. In addition, *Bandy* noted that "[t]he objectives of the KSGA are broader than those of the HCA in that the guidelines were intended to standardize sentences so that similarly situated offenders would be treated the same, thus limiting the effects of racial and geographic bias. [Citations omitted.]" 25 Kan. App. 2d at 699.

*Bandy* considered the language in K.S.A. 21-4710 that defines "prior conviction" within the context of criminal history scores, concluding that "the legislature in determining a defendant's criminal history in the KSGA is to allow all prior convictions regardless of the timing of the previous offense(s)." 25 Kan. App. 2d at 700. Citing this court's decision in *State v. Roderick*, 259 Kan. 107, Syl. ¶ 2, 911 P.2d 159 (1996), *Bandy* held as follows:

"The intent of the legislature in determining a defendant's criminal history in the KSGA is to allow all prior convictions regardless of the timing of the previous offense(s). We extend by analogy this intention and apply it to other self-contained habitual violator statutes, such as the driving with a suspended license statute, K.S.A. 1997 Supp. 8-262(a)(1). This provides a harmonious application of all habitual violator statutes regardless of whether an individual statute is silent as to the timing of prior offenses." 25 Kan. App. 2d at 700.

As such, *Bandy* found that "the KSGA is the 'new' and ultimate habitual violator statute." 25 Kan. App. 2d at 699. However, our previous discussion in this case illustrates that *Bandy*'s holding that the definition of prior conviction in K.S.A. 21-4710(a) should be applied to all other self-contained habitual violator statutes is overbroad; instead, our interpretation in each case must center on the plain language of the particular statute. See *Bandy*, 25 Kan. App. 2d at 700.

In *Thompson v. State*, 32 Kan. App. 2d 1259, 1267, 96 P.3d 1115 (2004), *rev. denied* 278 Kan. 852 (2005), the Court of Appeals similarly considered whether the district court erred by finding that the defendant's conviction under K.S.A. 65-4160(a) was a severity level 1 drug felony under the habitual criminal provisions of that statute. K.S.A. 65-4160 has since been amended to exclude habitual criminal provisions. See L. 2003, ch. 135, sec. 7. However, at the time that *Thompson* was decided, K.S.A. 65-4160 contained language almost identical to the enhancement provisions of K.S.A. 2006 Supp. 65-4161 at issue in this case. Compare K.S.A. 65-4160 with K.S.A. 2006 Supp. 65-4161.

The *Thompson* court noted a conflict between the earlier HCA jurisprudence under *Wilson* and the later definition of a prior conviction under the KSGA, as discussed by the Court of Appeals in *Bandy*: On the one hand, under the *Wilson* rule "there must be

the commission and conviction of a first offense, followed by the commission and conviction of a second offense, followed by the commission and conviction of a third offense." *Thompson*, 32 Kan. App. 2d at 1264. On the other hand, the KSGA states that "all prior convictions are considered, regardless of the timing of the previous offenses." 32 Kan. App. 2d at 1264; see K.S.A. 21-4710(a).

*Thompson* reasoned that the sweeping holding of *Bandy* appeared to be in conflict with the plain language of K.S.A. 65-4160, which required "that prior convictions used to enhance the severity level of the current offense must have occurred before the date of the crime." 32 Kan. App. 2d at 1264. However, *Thompson* noted that this potential conflict was not an issue in the case currently before the court because both of the defendant's convictions occurred before he committed the current offense. 32 Kan. App. 2d at 1264.

*Thompson,* however, did not resolve what it considered to be a potential conflict between the HCA and KSGA because the defendant's prior convictions "fit under both of these rules"; the defendant's prior convictions followed an offense-conviction-offense-conviction format. 32 Kan. App. 2d at 1264-65.

Finally, in *Ruiz-Reyes*, the defendant was sentenced as a severity level 2 drug offender pursuant to K.S.A. 65-4161(b). The defendant appealed, arguing that the prior conviction on which the court relied for the severity level enhancement was not obtained until after he committed the current offense and thus could not be used to enhance the severity level of the current offense under the self-contained habitual criminal provisions of that statute.

The Court of Appeals agreed, reversed the defendant's sentence, and remanded for resentencing. 37 Kan. App. 2d at 80. In particular, the court noted that the KSGA defines "prior conviction[s]" for purposes of determining a defendant's criminal history so as to include all convictions finalized prior to sentencing. 37 Kan. App. 2d at 78. The Court of Appeals correctly noted that because the plain language in K.S.A. 65-4161(b) "contemplate[d] a violation committed by an individual who 'has' at least one prior conviction at the time the individual 'violates' the law," then "the severity level of the defendant's instant offense may not be enhanced based upon

a prior conviction that did not occur until after commission of the instant offense." 37 Kan. App. 2d at 79-80. We granted the State's petition for review in *Ruiz-Reyes* and affirm the Court of Appeals in a decision rendered on this same date. *Ruiz-Reyes*, 285 Kan. 650. Our decision in *Ruiz-Reyes*, like our decision in this case, is based upon the plain language of K.S.A. 65-4161(b) (language same as K.S.A. 2006 Supp. 65-4161[b]).

Paul advances two additional arguments for why this court should continue to apply our prior analysis under HCA to KSGA sentences. First, he argues that "[i]t is foreseeable that prosecutors can withhold the filing of charges and skip from a level four (4) to a level one (1) [severity level] without the pre-requisite of the defendant ever seeing a level two (2) sentence." Contrary to the defendant's argument, nothing in K.S.A. 2006 Supp. 65-4161 or in the KSGA indicates that the severity levels of a person's subsequent convictions can only increase incrementally. Rather, as the Court of Appeals explained in *Thompson*:

"The plain language of [K.S.A. 2006 Supp. 65-4161] does not require that a defendant be sentenced first to a severity level 4 offense, then to a severity level 2 offense, and then to a severity level 1 offense. The [severity] level of the offense is dependent solely on the number of previous convictions." 32 Kan. App. 2d at 1267.

Finally, Paul contends that because his 1999 convictions were not used to enhance the severity levels of those crimes, the court should not in turn use those convictions to enhance the severity level of his current crime of conviction. In making this claim, Paul again fails to comprehend the plain language of K.S.A. 2006 Supp. 65-4161(c). See *Ruiz-Reyes*, 285 Kan. at 656-57. Moreover, in making this argument, Paul does not cite to any portion of the record that would support his claim and therefore fails in his duty to designate a record sufficient to establish the claimed error. Without an adequate record, the claim of alleged error fails. *State v. Goodson*, 281 Kan. 913, 919, 135 P.3d 1116 (2006).

*Conclusion*

The plain language of K.S.A. 2006 Supp. 65-4161(c) governs the disposition of this appeal. For offenses committed on or after July

1, 1993—and thus subject to the KSGA and not the HCA—the definition of "prior conviction" included in the KSGA in the context of criminal history also applies to determination of an offense's criminal severity level unless the legislature specifically indicates a contrary intent.

The plain language of K.S.A. 2006 Supp. 65-4161(c) provides that if at the time a person violates that section he or she has two or more prior convictions under the Kansas Uniform Controlled Substances Act, K.S.A. 65-4101 *et seq.*, that person shall be "guilty of a drug severity level 1 felony." The statute does not provide any other requirement with regard to the timing of the previous convictions in relation to one another.

Affirmed.

JOHNSON, J., not participating.

HILL, J., assigned.