NOT DESIGNATED FOR PUBLICATION

No. 114,179

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO MARTINEZ-LOPEZ,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed January 27, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Joanna Labastida*, of Kansas Appellate Defender Office, for appellant.

*Natalie Yoza*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before PIERRON, P.J., ATCHESON and ARNOLD-BURGER, JJ.


*Per Curiam*: Defendant Antonio Yibran Martinez-Lopez waived juvenile adjudication in Douglas County District Court on a series of sex crimes. After securing a plea agreement on adult charges and successfully entering a no contest plea to them, Martinez hired a new lawyer who filed a motion challenging the waiver of juvenile court jurisdiction but not the plea agreement on the grounds Martinez' original lawyer had not adequately informed him of the legal implications of the waiver. The district court held an evidentiary hearing on the motion at which both Martinez and his original lawyer testified. The district court made a factual finding that Martinez had been sufficiently

1

informed about the waiver and understood its legal effect. Based in part on that finding, the district court denied the motion. We find no error and affirm the ruling.

Martinez also challenges the lifetime term of postrelease supervision the district court imposed on him as unconstitutionally cruel and unusual punishment, since he was less than 18 years old when he committed the crimes. Based on *State v. Dull*, 302 Kan. 32, 35, 351 P.3d 641 (2015), *cert. denied* 136 S. Ct. 1364 (2016), which was decided after the district court sentenced Martinez, we agree with that characterization. We, therefore, vacate Martinez' sentence and remand to the district court for a new sentencing hearing.

FACTUAL AND PROCEDURAL HISTORY

We sketch briefly the relevant facts and outline the procedural history of this prosecution. When Martinez was between 16 and 18 years old, he had serial relationships with three 13-year-old girls. He disclaimed knowing the girls' actual ages and asserted he thought they were older. At least for purposes of this appeal, everyone agrees Martinez and the girls had sexual encounters. He described the encounters as voluntary and unforced—part of his "dating" of the girls. The girls told investigators that at least sometimes, they felt pressured to have sex with Martinez. One of the girls described an incident in which Martinez physically forced her into a school building and sexually assaulted her in a restroom. The police obtained a security videotape from the school showing the initial part of that incident. Law enforcement officers also secured posts ostensibly made by Martinez on a social media site that tended to confirm the sexual relationships. Those events took place between 2011 and 2013.

The Douglas County prosecutor filed a complaint against Martinez in juvenile court alleging multiple offenses that would constitute serious felonies if charged against an adult. As we discuss in more detail later, the juvenile court file is not part of the record

2

on appeal, so we don't know the precise offenses charged there. We can safely infer from the district court records we do have that the prosecutor alleged numerous offenses.

By the time the charges were filed in juvenile court, Martinez was living with a relative in Arizona. He was arrested there and extradited to Douglas County. He was then 19 years old. Martinez' family hired a lawyer to represent him. The prosecutor filed a motion in juvenile court to have Martinez referred to the district court, meaning he would be charged under the criminal code and would otherwise be treated as an adult. See K.S.A. 2015 Supp. 38-2347. At a hearing on the motion in April 2014, Martinez appeared with his lawyer and waived juvenile court jurisdiction. The juvenile court then granted the motion.

The prosecutor charged Martinez in the district court with six counts of rape, two counts of aggravated criminal sodomy, one count of kidnapping, and three counts of battery. Martinez' lawyer reached an agreement with the prosecutor calling for Martinez to plead no contest to one count of attempted rape, one count of aggravated sexual battery, and one count of aggravated indecent solicitation of a child. The prosecutor also agreed to recommend a sentencing arrangement that yielded a controlling prison term of 91 months for Martinez. At a hearing, the district court accepted Martinez' pleas to the amended charges and scheduled his sentencing.

Before sentencing, Martinez discharged his lawyer and hired a new lawyer. The new lawyer filed a motion challenging the juvenile court's referral of Martinez on the grounds that Martinez did not make an informed waiver of that court's jurisdiction to adjudicate him. The district court held an evidentiary hearing on the motion in March 2015 at which Martinez and his original lawyer, among other witnesses, testified.

Martinez testified that he is "pretty fluent" in English, although some members of his family, including his mother, are not. Martinez testified without a translator and

3

agreed that he reads and writes English and understood the questions being asked of him. According to Martinez, his original lawyer never explained that the case against him had been filed in juvenile court or that the hearing in juvenile court was to determine if he would be prosecuted as an adult. He said the original lawyer simply instructed him to answer "yes" to all of the judge's questions during the juvenile court hearing. Martinez testified his original lawyer never told him what was going on in the case and never discussed the evidence with him. He said someone had come to the jail to show him the videotape from the school.

Martinez' original lawyer testified that she met with Martinez several times in the jail—records from the jail admitted at the hearing confirm multiple visits. The lawyer said she outlined the evidence to Martinez, including the videotape and the social media posts. She said either an investigator or her legal assistant would have shown the videotape to Martinez. The lawyer testified that she specifically went over the prosecutor's motion to refer Martinez to district court and explained to Martinez the differences between adjudication in juvenile court and prosecution as an adult in district court. The lawyer said she advised Martinez that he almost certainly would be referred to district court given his age, the number of charges against him, and the seriousness of the charges. The lawyer thought the waiver would pave the way for meaningful discussions with the prosecutor about a plea agreement entailing reduced charges and a lesser sentence in the district court. But she acknowledged the waiver of juvenile court jurisdiction was not itself part of a negotiated plea agreement.

Martinez' original lawyer testified that although Martinez asked no questions about the waiver, he voiced no objection to her recommendation that he consent to the referral to district court. During her testimony, Martinez' lawyer expressed some hindsight concern that Martinez might not have understood everything they discussed because English was not his native language.

4

Several weeks later, the district court issued a detailed written order denying Martinez' motion challenging the waiver of juvenile court jurisdiction. After summarizing the testimony and other evidence introduced at the hearing, the district court found that Martinez "was adequately informed of his rights to a hearing on the issue of waiver [from juvenile court] to adult status." The district court also found that Martinez' original lawyer performed competently in advising him and that he "understood her advice and followed it."

The district court sentenced Martinez in May 2015 in conformity with the recommendation in the plea agreement. Martinez received a controlling 91-month term of imprisonment. As required by the governing sentencing statute, the district court also placed Martinez on lifetime postrelease supervision. K.S.A. 2015 Supp. 22-3717(d)(1)(G). Martinez has timely appealed.

LEGAL ANALYSIS

*Waiver of Juvenile Court Jurisdiction*

Martinez contends the district court erred in denying his motion challenging the juvenile court's referral of him for prosecution as an adult. Before analyzing the specifics of the challenge, we outline the referral process as it was at that time. The State could file a motion in the juvenile court to have a particular juvenile offender referred to district court to be prosecuted as an adult. K.S.A. 2015 Supp. 38-2347. As provided in K.S.A. 2015 Supp. 38-2347(b), certain juveniles would be presumed to be referable as adults based on their ages and the seriousness of the charged offenses. Martinez fell in that category, so he had the burden of rebutting that presumption in the juvenile court. K.S.A. 2015 Supp. 38-2347(b). In 2016, the legislature eliminated the presumption, a change that does not affect Martinez' case. The statute otherwise remains substantially the same in all relevant respects.

5

In weighing the referral of a juvenile offender to the district court for prosecution as an adult, the juvenile court had to consider the overall circumstances encompassed in eight enumerated statutory factors. K.S.A. 2015 Supp. 38-2347(e). A juvenile offender was entitled to an evidentiary hearing on the State's motion for referral. But the juvenile could waive a hearing—as Martinez did here, consistent with his original lawyer's advice. Even with a waiver from the juvenile, the juvenile court still had to evaluate the statutory factors in light of the grounds set forth in the State's motion and otherwise determine referral to be warranted. See *State v. Ellmaker*, 289 Kan. 1132, 1149-50, 221 P.3d 1105 (2009); *State v. Smith*, 268 Kan. 222, 245, 993 P.2d 1213 (1999).

For purposes of this appeal, we assume Martinez' presentencing motion reflected a procedurally proper vehicle to challenge his waiver. We think it plain that a juvenile could, at some juncture, assert a claim that his or her waiver had not been knowingly or voluntarily made and was, therefore, ineffective. See *State v. Randolph*, 297 Kan. 320, 330, 301 P.3d 300 (2013) (valid waiver of *Miranda* rights must be knowing and voluntary); *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012) (valid waiver of right to jury trial must be knowing and voluntary). Whether a criminal defendant has validly waived a right typically presents question of fact. See *Beaman*, 295 Kan. at 858; *State v. Bland*, 33 Kan. App. 2d 412, 415, 103 P.3d 492 (2004). We, therefore, review the district court's pertinent findings to determine if they are supported in the record by substantial competent evidence. *Beaman*, 295 Kan. at 858; *Bland*, 33 Kan. App. 2d at 415. Substantial evidence is that which would lead a reasonable person to accept it as supporting a given conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012); *Hodges v. Johnson*, 288 Kan. 56, Syl. ¶ 7, 199 P.3d 1251 (2009). In making that determination, appellate courts do not reweigh the evidence, engage in credibility determinations, or consider testimony or documents detracting from the district court's finding. *State v. Brown*, 286 Kan. 170, 172, 182 P.3d 1205 (2008). Ultimately, the factual findings must legally justify the district court's ruling.

The district court made a factual finding that Martinez had been duly informed about the waiver and its legal implications and understood the information his original lawyer imparted to him before he agreed to the waiver during the juvenile court hearing. The finding necessarily reflects a predicate conclusion that the original lawyer was more credible than Martinez in describing their discussions about the waiver specifically and the pertinent aspects of juvenile and district court processes more generally. The district court could not have found as it did had it credited Martinez, since he testified his original lawyer effectively told him nothing about the evidence against him, the nature of the case, or the purpose of the juvenile court hearing. We necessarily must respect the district court's determination and the requisite credibility call on which it rests. See *State v. Franco*, 49 Kan. App. 2d 924, 936-37, 319 P.3d 551 (2014) (explanation of why appellate courts do not make independent credibility findings in context of jury trial); *State v. Duque*, No. 107,168, 2013 WL 3455773, at *3 (Kan. App. 2013) (unpublished opinion) (appellate court defers to district court's credibility determinations), *rev. denied* February 12, 2014.

The original lawyer's testimony furnished substantial evidence showing Martinez had been informed about the charges against him, the waiver of juvenile court jurisdiction, and the differences between juvenile court and district court in handling criminal charges. The lawyer's speculation that a language barrier might have impeded their communication was unfounded. Martinez' testimony established that he communicated effectively in English. In addition, Martinez introduced a report from a psychologist who had evaluated him at the request of his new lawyer. The psychologist's narrative indicated that Martinez understood the original lawyer's advice and only later concluded the waiver was not necessarily in his best interest. The district court cited the report as corroborating the original lawyer's account of her communications with Martinez and undercutting his contrary version.

7

In short, substantial evidence supports the district court's finding of fact that Martinez knowingly and voluntarily waived his right to an evidentiary hearing on the prosecutor's motion to refer him from the juvenile court to the district court. The district court, then, properly denied Martinez' motion challenging the legal adequacy of the waiver. Because that disposes of the issue on the merits, we do not consider the alternative arguments the State has presented for affirming the district court. We, likewise, express no opinion on an appropriate remedy for an invalid waiver.

In his appellate brief, Martinez seems to argue as an alternative ground for relief that the juvenile court failed to make sufficient findings that the factors in K.S.A. 2015 Supp. 38-2347(e) justified referral. Assuming Martinez has made the argument—the briefing is less than clear in that respect—we decline to consider it. As we have mentioned, the record on appeal contains nothing from the juvenile court proceedings. We, therefore, have neither the prosecutor's motion to refer Martinez to the district court nor the transcript of the hearing on that motion. And we have neither a bench ruling nor a written order from the juvenile court. What we have (and all we have) are several lengthy excerpts from the juvenile court hearing quoted in Martinez' motion challenging his waiver. Those representations cannot substitute for a transcript of the juvenile court hearing and the juvenile court's actual ruling. If Martinez wished to have this court consider the juvenile court's determination to refer him to the district court—in contrast to the validity of his waiver—he needed to include the relevant parts of the juvenile court file in the record on appeal. *State v. Kidd*, 293 Kan. 591, 601, 265 P.3d 1165 (2011); *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008).

*Imposition of Lifetime Postrelease Supervision*

As provided in K.S.A. 2015 Supp. 22-3717(d)(1)(G), defendants convicted of specified sex offenses must be sentenced to lifetime postrelease supervision. Based on his crimes of conviction, Martinez came within K.S.A. 2015 Supp. 22-3717(d)(1)(G), and

8

the district court ordered he be placed on lifetime postrelease supervision after serving his time in prison.

About a month after Martinez was sentenced, the Kansas Supreme Court held that imposing lifetime postrelease supervision on any defendant who was less than 18 years old when he or she committed aggravated indecent liberties with a child amounted to categorically unconstitutional cruel and unusual punishment. *Dull*, 302 Kan. 32, Syl. ¶ 8. In *Dull*, the court considered only a categorical challenge based on the prohibition of cruel and unusual punishment in the Eighth Amendment to the United States Constitution. 302 Kan. at 39. A categorical challenge looks at the constitutionality of imposing a particular form of punishment on a class of criminal offenders without regard to any individualized factual circumstances. See *Graham v. Florida*, 560 U.S. 48, 82, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010) (successful categorical challenge to imposition of life sentences without possibility of parole on juvenile offenders found to have committed offenses other than homicide).

After thoroughly analyzing United States Supreme Court authority and Kansas caselaw, the court concluded that the duration and conditions of lifetime postrelease supervision violated the Eighth Amendment when imposed on persons who had committed sex crimes when they were less than 18 years old. *Dull*, 302 Kan. at 60-61. Although the narrow holding in *Dull* applies to convictions for aggravated indecent liberties with a child—that was Dull's crime of conviction—the decision rests on the general characteristics of juveniles as criminal defendants in sex cases and the grossly disproportionate adverse effects lifetime postrelease supervision would have on them as a class when weighed against the penological benefits.

The rationale of *Dull*, therefore, requires the same outcome with respect to Martinez' constitutional attack on lifetime postrelease supervision as a part of his sentence. The State effectively concedes we are compelled by the reasoning and result in

9

*Dull* to find lifetime postrelease supervision an unconstitutional punishment in this case. In accordance with *Dull*, we vacate Martinez' sentence and remand to the district court with directions to impose a constitutionally appropriate punishment at a new sentencing hearing.

Affirmed in part, vacated in part, and remanded with directions.