NOT DESIGNATED FOR PUBLICATION

No. 115,811

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEMETRIS TERRILL GADSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed August 4, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., MCANANY and ATCHESON, JJ.


*Per Curiam*: Defendant Demetris Terrill Gadson appeals the ruling of the Sedgwick County District Court granting the State's motion to correct an illegal sentence by placing him on lifetime postrelease supervision. Gadson argues the district court originally exercised its discretion in sentencing him to postrelease supervision for a fixed term and, alternatively, the district court had the discretionary authority to deny the State's motion even if the original sentence were illegal. Neither argument advances a sound legal theory. We affirm the district court.

1

The Sedgwick County District Attorney charged Gadson with aggravated burglary, two sex crimes, and aggravated battery arising from a September 2010 criminal episode. As part of a plea arrangement with the State, Gadson pleaded guilty to two counts of aggravated sexual battery—less serious sex offenses than the original charges—and to aggravated burglary with a joint recommendation that the sentences be served consecutively. In early 2011, consistent with the plea agreement, the district court imposed consecutive sentences, yielding a 120-month term of imprisonment. The district court also sentenced Gadson to a 24-month period of postrelease supervision.

Last year, the State filed a motion to correct an illegal sentence, as provided in K.S.A. 22-3504(1), on the grounds the aggravated sexual battery convictions mandated lifetime postrelease supervision. The district court granted the motion and corrected the sentences to include lifetime postrelease supervision. Gadson has appealed.

First, Gadson contends that at his original sentencing the district court made a deliberative decision within its sound discretion to impose a fixed term of postrelease supervision rather than lifetime postrelease supervision. And, in turn, that decision must be respected. There are two flaws in the argument; each is fatal. Nothing in the record on appeal even hints that the district court actually weighed competing options regarding the length of Gadson's postrelease supervision. The transcript of the sentencing hearing has not been included in the appellate record, so we don't know what reasons (if any) the district court had for imposing a 24-month period of postrelease supervision. That alone undoes the argument. See *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008) (when defendant fails to designate sufficient record to show error, claim must be denied); *In re N.U.*, 52 Kan. App. 2d 561, 567, 369 P.3d 984 (2016).

In addition, however, even if the district court expressly chose to impose a fixed term of postrelease supervision rather than lifetime postrelease supervision, the sentence still would have been illegal. As required under K.S.A. 22-3717(d)(1)(G), defendants

2

convicted of specified sex crimes after July 1, 2006, must be sentenced to lifetime postrelease supervision. Aggravated sexual battery is one of those crimes. K.S.A. 2016 Supp. 22-3717(d)(5)(I). This court has consistently rejected the argument that K.S.A. 22-3717(d) permits something less than lifetime postrelease supervision for defendants like Gadson. See *State v. Herrmann*, 53 Kan. App. 2d 147, 152-54, 384 P.3d 1019 (2016), *petition for rev. filed* May 17, 2016; *State v. Sananikone*, No. 115,340, 2017 WL 2494952, at *1 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 5, 2017. We adhere to the reasoning in those cases. That also undoes Gadson's argument.

For his second point, Gadson contends the district court when considering the State's motion to correct the illegal sentence in this case had the discretion to reject the request even if the original sentence were illegal. The statute, in part, provides: "The court may correct an illegal sentence at any time." K.S.A. 22-3504(1). Gadson seizes on the opening seven words of that sentence—ignoring the concluding phrase "at any time"—to argue a district court "may" (or may not) correct an illegal sentence, as it chooses. That is, Gadson submits a district court may leave intact an illegal sentence if it wishes to. The very notion hovers somewhere between remarkably strange and downright bizarre. But the statute doesn't say anything of the sort. The full sentence simply affords the district court the opportunity to hear and decide a motion to correct an illegal sentence no matter how long after the sentencing it has been filed. In short, a motion to correct an illegal sentence typically cannot be time-barred. We reject Gadson's alternative argument for relief.

Affirmed.

3