NOT DESIGNATED FOR PUBLICATION

No. 116,617

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICAH A. JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed October 27, 2017. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY, J., and HEBERT, S.J.

PER CURIAM: Micah A. Jones appeals from the revocation of his probation, alleging that the district court failed to consider his motion to modify the conditions of his bond from assignment to work release to assignment on house arrest. Jones has failed to provide any support in the record establishing that the district court abused its discretion. The order of revocation is affirmed.

1

*Factual and Procedural Background*

In September 2015, Jones entered a plea of guilty to 11 criminal charges in two consolidated Sedgwick County cases: one count of burglary; three counts of criminal damage to property; one count of theft; four counts of violation of a protective order; one count of unlawful discharge of a firearm; and one count of possession of marijuana. He was sentenced to an underlying prison term of 22 months, a consecutive underlying jail term of 24 months, and granted probation for 24 months.

In May 2016, Jones' probation officer issued a warrant for his arrest for committing the crime of violating a protection from abuse (PFA) order and for failing to report law enforcement contact to the probation office within 24 hours. A hearing was scheduled for June 2, 2016. The June 2nd probation violation hearing was convened as scheduled, but set over for a July 15th evidentiary hearing.

On June 1, 2016, Jones filed a motion to modify his bond and/or allow work release; he also requested that the court consider allowing house arrest. The motion was scheduled for hearing on June 3rd. However, since the district judge had already authorized work release when he signed the warrant and set bond on May 20, 2016, Jones' July 1st motion was withdrawn, but on July 7th he filed a new motion to modify work release and authorize house arrest. This matter was scheduled for hearing on July 15th.

A hearing regarding Jones' probation violation was held on July 15, 2016. Although there is apparently a minute sheet referring to this hearing, the record on appeal does not contain a transcript of this hearing. Some information with reference to the July 15th hearing is made in the transcript of a subsequent hearing on September 1, 2016.

2

It appears that at the July 15th hearing, Jones chose to waive his right to an evidentiary hearing and admit to the allegations in the warrant. Both parties apparently made recommendations, but the court had some questions about the violation of a PFA order that constituted Jones alleged new crime. That matter was still pending in Maize Municipal Court and Jones was scheduled for trial on August 4, 2016. The judge also wanted additional information regarding Jones' diagnoses and treatments through COMCARE. The evidentiary hearing was continued to September 1, 2016.

Prior to the September 1st hearing, the district court received the Maize police reports about the allegation Jones violated a PFA and information pertinent to Jones' treatment through COMCARE. The court was advised that Jones pled guilty to the PFA violation at his August 4th court date and was given a suspended sentence.

At the September 1st hearing, the district judge announced that he intended to issue his decision on the probation violation. He heard testimony from Jones' probation officer, in which she stated that while she was willing to continue supervising Jones, she was "hesitant for there not to be consequences for the violations that occurred, based on the nature of the violation. I think it is a serious issue." The probation officer left the decision to the court's discretion.

The district judge referenced the recommendations the parties made at the July 15th hearing, but he did not state what they were and asked what additional information the parties wanted to present. Jones' defense counsel offered that when Jones admitted to the PFA violation in Maize, he was fined $100 and paid it the same day. Jones' attorney conceded Jones' criminal history but argued this was his first violation on this case. Jones' attorney specifically requested the district court either reinstate Jones to court services with his probation officer or refer him to community corrections. He did not present any information or make any argument in favor of house arrest. When the district judge asked

3

Jones if there was anything he wanted to tell the court, Jones stated: "I have no further information. I just apologize."

The district judge then spoke to Jones at length regarding his concerns about Jones' conduct, the underlying crimes of conviction, his criminal history, and his history of not following court orders, protection from abuse orders, or the requirements of his probation. The district judge found that it "makes a farce" out of the proceedings to say Jones was amenable to probation. The district court ruled under K.S.A. 2016 Supp. 22-3716 that Jones committed a new crime and also made a secondary public safety finding.

The district court proceeded to revoke Jones' probation and impose the underlying sentence. The court also noted that Jones' pending motion for house arrest was moot due to the revocation. Jones filed a timely notice of appeal.

*No Abuse of Discretion Established*

This court reviews a district court's revocation of probation for an abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when the court acts (1) arbitrarily, fancifully, or unreasonably; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012). The party asserting error bears the burden of proving an abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Recent statutory amendments limit the discretion of district courts when imposing sanctions for probation violations so that, typically, a district court must impose a series of graduated sanctions before revoking a defendant's probation and ordering a violator to serve his or her underlying sentence. See K.S.A. 2016 Supp. 22-3716(c)(1). However, in the event that an offender commits a new crime while on probation or the court finds with

4

particularity that the safety of members of the public will be jeopardized by imposing an intermediate sanction, the district court may revoke the offender's probation and require the offender to serve the underlying sentence, or any lesser sentence as the court sees fit, regardless of whether less severe sanctions have been imposed. K.S.A. 2016 Supp. 22-3716(c)(8)(A), (c)(9).

Jones admitted he violated his probation by not reporting within 24 hours his contact with law enforcement associated with his new crime, and he also pleaded guilty to the PFA violation in municipal court. He neither contests the district judge's findings that he committed a new crime, nor does he contest the district judge's particularized findings and conclusion that the safety of the public would be jeopardized by his continuation on probation. An issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Jones sole argument on appeal is that the district court abused its discretion when it did not consider his motion to modify his assignment to work release and authorize house arrest. Again, Jones bears the burden of proving an abuse of discretion. *Rojas-Marceleno*, 295 Kan. at 531. The available record demonstrates that Jones and his attorney were given the opportunity to speak and make recommendations; neither recommended or requested he be placed on house arrest, and neither brought up the motion to modify his assignment to work release to house arrest.

The available record demonstrates that a hearing on the motion occurred initially on July 15, 2016, and was denied. It is Jones' burden to designate a record to support his claims on appeal. Kansas Supreme Court Rule 6.02(a)(4) (2017 Kan. S. Ct. R. 34). Without the transcript from the July 15th hearing, Jones cannot establish that the district court failed to hear, consider, and make findings on his motion prior to executing the motion minutes sheet. Perhaps more importantly, Jones presents no suggestion or argument as to how he was prejudiced by the court's alleged failure to consider a motion

5

seeking to modify his bond pending final disposition. Without a record to affirmatively show prejudicial error, we must presume that the trial court's actions were proper. *State v. Goodson*, 281 Kan. 913, 919, 135 P.3d 1116 (2006); see *State v. Paul*, 285 Kan. 658, 670, 175 P.3d 840 (2008).

There is nothing in the record to suggest that the district court abused its discretion by revoking Jones' probation. Having revoked the probation, modification of work release to house arrest pending that disposition was obviously moot. The order of revocation is affirmed.

Affirmed.