No. 120,171

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRENT MICHAEL WILMORE,
*Appellant*.

SYLLABUS BY THE COURT

1.

Interpretation of a statute is a question of law over which appellate courts have unlimited review.

2.

The plain language of K.S.A. 2018 Supp. 21-6810(d)(10) excludes from criminal history calculations prior convictions that enhance the severity level of the present crime of conviction, elevate the classification of the present crime of conviction from a misdemeanor to a felony, or are elements of the present crime of conviction.

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed November 8, 2019. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., STANDRIDGE and WARNER, JJ.

MALONE, J.: Brent Michael Wilmore appeals his sentence for his convictions of two counts of indecent liberties with a child. Wilmore claims the district court imposed an illegal sentence when it calculated his criminal history score in violation of K.S.A. 2018 Supp. 21-6810(d)(10). More specifically, he argues that because two of his prior domestic battery convictions were used in an earlier case to elevate the classification of a third domestic battery conviction from a misdemeanor to a felony, the same two domestic battery convictions cannot be used in calculating his criminal history score in this case. Our court has consistently rejected the argument Wilmore is making here in previous unpublished decisions, and we reject it again for the reasons stated in this opinion.

FACTS

On December 8, 2017, pursuant to a plea agreement, Wilmore pled no contest to and the district court convicted him of two counts of indecent liberties with a child, a severity level 5 person felony. According to the presentence investigation (PSI) report, Wilmore's criminal history included a person felony conviction of aggravated assault in 2015; a person felony conviction of domestic battery in 2016; and three person misdemeanor convictions—including a first conviction of domestic battery in August 2013, a second conviction of domestic battery in November 2013, and a conviction of violating a protective order in 2011. The PSI report calculated Wilmore's criminal history score as A, based on his two prior person felony convictions and the aggregation of his three person misdemeanor convictions into a third person felony.

At the January 26, 2018 sentencing hearing, Wilmore did not object to his criminal history score. With a criminal history score of A, the sentencing range for a severity level 5 felony, such as indecent liberties with a child, was 122-130-136 months' imprisonment. The district court sentenced Wilmore to a controlling term of 122 months' imprisonment with lifetime postrelease supervision. Wilmore timely appealed his sentence.

ANALYSIS

On appeal, Wilmore claims the district court "erred in calculating [his] criminal history score by double-counting his misdemeanor domestic battery convictions." More specifically, Wilmore argues that the district court imposed an illegal sentence when it calculated his criminal history score in violation of K.S.A. 2018 Supp. 21-6810(d)(10). This statute provides:

> "Prior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction. Except as otherwise provided, all other prior convictions will be considered and scored."

Wilmore can raise this issue for the first time on appeal because, assuming the appellate court otherwise has jurisdiction, an incorrect criminal history score results in an illegal sentence which the court may correct at any time. See K.S.A. 2018 Supp. 22-3504(1); *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

Wilmore's criminal history included domestic battery convictions in three separate cases. Wilmore's first two misdemeanor domestic battery convictions were used to elevate his third domestic battery conviction from a misdemeanor to a felony. See K.S.A. 2018 Supp. 21-5414(c)(1)(C). Wilmore does not challenge the classification of his third domestic battery conviction as a felony. The PSI report calculated Wilmore's criminal history score as A, based on his two prior person felony convictions—one for aggravated assault and one for domestic battery—and the aggregation into a third person felony of his three prior person misdemeanor convictions—two for domestic battery and one for violating a protective order—under K.S.A. 2018 Supp. 21-6811(a).

3

Wilmore argues that because his first two domestic battery convictions were used to elevate the classification of his third domestic battery conviction to a felony in an earlier case, K.S.A. 2018 Supp. 21-6810(d)(10) prohibits the district court from using the same two convictions to aggregate three person misdemeanors into a person felony. In other words, he argues that the district court violated K.S.A. 2018 Supp. 21-6810(d)(10) when it "double-counted" the prior misdemeanor domestic battery convictions to (1) elevate his third domestic battery conviction to a person felony in an earlier case *and* (2) aggregate three prior person misdemeanor convictions into a person felony in this case.

As Wilmore acknowledges, prior panels of this court repeatedly have rejected this type of "double-counting" challenge. In *State v. Grant*, No. 90,042, 2004 WL 719257, at *3 (Kan. App. 2004) (unpublished opinion), Shauntus Grant argued that the district court incorrectly calculated his criminal history score when sentencing him for aggravated battery by "aggregating three adult person misdemeanors for domestic battery" to create a person felony even though Grant's "fourth [prior] conviction for domestic battery was a felony because he had been convicted of the same crime three times before." Grant argued "that since his three misdemeanor convictions already enhanced the penalty of his fourth conviction, making it a felony, they cannot under K.S.A. 21-4710(d)(11)"— the previous codification of K.S.A. 2018 Supp. 21-6810(d)(10)—"be used to enhance his criminal history score now." 2004 WL 719257, at *4. In other words, Grant made the exact argument that Wilmore is making now.

The *Grant* court rejected the argument: "Grant's prior convictions for domestic battery were not used to enhance the applicable penalty for his current crime of aggravated battery," nor were those prior convictions an element of the current crime of conviction. 2004 WL 719257, at *4. Thus, this court found that the district court had not erred by aggregating the three prior person misdemeanor domestic battery convictions to create a person felony, even though they had been used in an earlier case to render Grant's fourth domestic battery conviction a felony. 2004 WL 719257, at *4.

4

The next year, another panel of this court considered the same issue:  Norman Smith's prior domestic battery misdemeanor convictions led to a later domestic battery being charged as a felony. *State v. Smith*, No. 92,312, 2005 WL 1089054, at *1 (Kan. App.) (unpublished opinion), *rev. denied* 280 Kan. 990 (2005). In an appeal of an even later criminal case, Smith argued that the district court erred by considering his felony domestic battery conviction *and* using two prior misdemeanor domestic battery convictions as part of an aggregated person felony. The *Smith* court held:

> "In construing statutes, we are to give effect to the language and phrasing used by the legislature. We perceive a plain reading of the statute, with inapplicable language removed, would be that prior convictions shall not be counted 'if they enhance the severity level or applicable penalties . . . of the present crime of conviction.' Thus, the prohibition does not apply to prior convictions that enhanced the severity level of other prior convictions.
>
> "To adopt [an alternate] interpretation would be to eliminate from the current criminal history calculation all prior first convictions which had previously enhanced the penalty of a prior second conviction, negating the intended progression of penalties for the recidivist. The practical effect for [this defendant] would be that his current criminal history score would be the same as if he only had the three prior misdemeanor domestic battery convictions. We do not believe the legislature intended to ignore that Smith had four prior convictions within a time frame that escalated his last conviction to a person felony. [Citations omitted.]" 2005 WL 1089054, at *2.

In 2008, 2011, and 2014, this court again rejected the double-counting argument in the context of using prior domestic battery misdemeanor convictions to establish a person felony when they had been used in an earlier case to make a domestic battery conviction a felony. See *State v. Omar-Cruz*, No. 110,698, 2014 WL 6909677, at *4-5 (Kan. App. 2014) (unpublished opinion); *State v. Temmen*, No. 104,326, 2011 WL 1878141, at *1-3 (Kan. App.) (unpublished opinion), *rev. denied* 293 Kan. 1113 (2011); *State v. Seiberling*, No. 98,593, 2008 WL 4416057, at *3 (Kan. App. 2008) (unpublished opinion) ("The use of the present tense of 'enhance,' 'elevate,' and 'are,' as well as the

phrase 'present crime of conviction,' indicate that the concern of the statute is with preventing the use of the same prior conviction to 'double count' for the purposes of the *present* sentencing."), *rev. denied* 288 Kan. 835 (2009).

Finally, both parties cite this court's recent opinion in *State v. Fowler*, 55 Kan. App. 2d 92, 408 P.3d 119 (2017), *rev. granted* 308 Kan. 1597 (2018), which addressed counting the defendant's prior domestic battery convictions under K.S.A. 2015 Supp. 21-6810(d)(9), the relevant language of which is identical to K.S.A. 2018 Supp. 21-6810(d)(10). In that case, the defendant's two prior domestic battery convictions were used to elevate a domestic battery charge to a felony and, *in the same case*, were aggregated with a third person misdemeanor conviction to count as a person felony. The focus in *Fowler* was whether the phrase "present crime of conviction" meant only the "*primary* crime of conviction," as opposed to any crime of conviction. 55 Kan. App. 2d 98-99 & 107-08 (Malone, J. dissenting). *Fowler* is distinguishable from the other cases discussed in this opinion, all of which address the situation in which the defendant's prior domestic battery convictions were used in an *earlier* case to elevate the classification of a domestic battery conviction from a misdemeanor to a felony. This material distinction renders *Fowler* inapplicable to Wilmore's case.

Wilmore acknowledges this court's previous holdings in unpublished opinions, but he points out they are not binding on this court. He also contends that this court's prior opinions are distinguishable because they did not consider the arguments he makes now. First, Wilmore contends that the language "of the present crime of conviction" in K.S.A. 2018 Supp. 21-6810(d)(10) is ambiguous. Statutory language is ambiguous when it is "of doubtful or conflicting meaning, as gleaned from a natural and reasonable interpretation of its language, and leaves us generally uncertain which one of two or more meanings is the proper meaning." *State v. Paul*, 285 Kan. 658, 661-62, 175 P.3d 840 (2008).

As discussed above, K.S.A. 2018 Supp. 21-6810(d)(10) directs that "[p]rior convictions of any crime shall not be counted in determining the criminal history category if they enhance the severity level, elevate the classification from misdemeanor to felony, or are elements of the present crime of conviction." Wilmore argues that this statute may be read in two ways. Under Wilmore's first interpretation, convictions must be excluded from the criminal history score when:

- The conviction enhances the severity level for *any offense*;
- The conviction elevates *any offense* from misdemeanor to felony; or
- The conviction is an element *of the present crime of conviction*.

Under Wilmore's second interpretation, convictions must be excluded when:

- The conviction enhances the severity level *of the present crime of conviction*;
- The conviction elevates *the present crime of conviction* from misdemeanor to felony; or
- The conviction is an element *of the present crime of conviction*.

Wilmore argues that because the language of K.S.A. 2018 Supp. 21-6810(d)(10) is ambiguous, the rule of lenity requires that the statute be construed in favor of the accused. He argues that applying the rule of lenity to the ambiguous statute demands the more forgiving interpretation of K.S.A. 2018 Supp. 21-6810(d)(10), "which in turn requires exclusion of all convictions which have been used to elevate any offense."

The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative

7

intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. *Barlow*, 303 Kan. at 813. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the Legislature's intent. 303 Kan. at 813.

As this court recognized in *Grant*, *Smith*, and *Temmen*, the plain language of K.S.A. 2018 Supp. 21-6810(d)(10) excludes from criminal history calculations prior convictions that enhance the severity level of the *present crime of conviction*, elevate the classification of the *present crime of conviction* from a misdemeanor to a felony, or are elements of the *present crime of conviction*. *Grant*, 2004 WL 719257, at *4; *Smith*, 2005 WL 1089054, at *2; *Temmen*, 2011 WL 1878141, at *2-3. A statute is ambiguous if it is subject to more than one *reasonable* interpretation. See *Paul*, 285 Kan. at 661-62. Although Wilmore has advanced an alternative interpretation of the statute, his interpretation is an unreasonable reading of the statute and does not cast doubt on this court's longstanding interpretation of this language. As the *Smith* court recognized, adopting Wilmore's reading would effectively negate the progressive penalties the Legislature has enacted for recidivist offenders. See 2005 WL 1089054, at *2.

Finally, Wilmore argues that the provisions of the Kansas Sentencing Guidelines Act (KSGA) should be interpreted *in pari materia*, with an attempt to harmonize all parts of the act to the greatest extent possible. Wilmore points out that K.S.A. 2018 Supp. 21-6811(a) allows three person misdemeanors in an offender's criminal history to be converted to a person felony. On top of that, the domestic battery statute itself provides that the crime will be classified as a person felony if, within five years immediately

8

preceding commission of the crime, an offender is convicted of domestic battery a third or subsequent time. See K.S.A. 2018 Supp. 21-5414(c)(1)(C). Considering these provisions together, Wilmore argues that "[a]llowing double-counting of domestic batteries already used to enhance a felony is inconsistent with the goals of the KSGA, and [is] fundamentally unfair to the relatively small class of people adversely affected."

We reject Wilmore's claim that our interpretation of K.S.A. 2018 Supp. 21-6810(d)(10) cannot be harmonized with the remaining provisions of the KSGA. Not only is the language of K.S.A. 2018 Supp. 21-6810(d)(10) clear, but it is also specific. K.S.A. 2018 Supp. 21-6810(d)(10) states that except as otherwise provided in that subsection, "all other prior convictions will be considered and scored." There are no other provisions of the KSGA that prevent Wilmore's first two domestic battery convictions from being counted as part of his criminal history in this case just because the same two convictions were used to elevate the classification of a domestic battery conviction from a misdemeanor to a felony in an earlier case.

In sum, we adhere to our court's longstanding interpretation of K.S.A. 2018 Supp. 21-6810(d)(10) and find that the statutory language does not prohibit a district court from aggregating prior domestic battery person misdemeanors to create a person felony for criminal history purposes even when those same domestic battery convictions were used in an earlier case to elevate a domestic battery charge from a misdemeanor to a felony. Under this interpretation, the district court here did not violate K.S.A. 2018 Supp. 21-6810(d)(10) in calculating Wilmore's criminal history score.

Affirmed.